Reid and Murphy vs. The State.

Jeptha Reid and George Murphy, plaintiff in error, vs. The State of Georgia, defendant in error.

[1.] A motion was made for a continuance, and put on the ground of the absence of a witness, by whom the movants, (persons on their trial for theft,) expected to prove an *alibi.*　They had one witness present by whom they could prove the same they expected to prove by the absent witness, on account of this, the Court overruled the motion.　On the trial, they proved the *alibi* by the witness that was present, and then the State proved by two witnesses, that they would not believe this witness on his oath.

*Held,* that the Court should either have granted the motion, or have exacted a

promise from the State, not to introduce evidence to destroy the credit of the witness that was present.

[2.] It is within the discretion of the Court to allow a witness to be examined after the argument to the jury has commenced.

Indictment, for simple Larceny, in Talbot Superior Court. Tried before Judge WORRILL, at March Term, 1857.

Jeptha Reid and George Murphy were indicted for stealing a buggy, the property of John Howell, and found guilty. They moved for a new trial on the following grounds, viz:

1st. Because the finding of the jury was contrary to law and evidence.

2d. Because there was no allegation of the value of the buggy, charged to have been stolen.

3d. Because the prejudice in the county, at the time of the trial. was so great that a fair and impartial trial could not be had.

4th. Because the Judge, after the opening speech on the part of the State, and while counsel for defendants was replying, allowed the Solicitor General to introduce a witness and prove that the place from which the buggy was stolen, was in Talbot county.

5th. Because defendants moved a continuance of the case on the ground of the absence of a female witness, Mary Smith, who had been subpœnaed, which was overruled by the Court, because it was admitted that another witness was present who would testify to the same facts which the absent witness was expected to prove, and that her testimony would be merely cumulative.

The Court overruled the motion for new trial, and defendants excepted, and assign the same as error.

JAS. W. GREEN & A. F. OWEN, for plaintiffs in error.

SOL. GEN., for defendant in error.

Reid and Murphy vs. The State.

*By the Court.*—BENNING, J. delivering the opinion.

Ought the Court below to have sustained the motion for a new trial ?

The counsel for the plaintiffs in error, relied before this Court, on only two of the grounds contained in the motion, the last two.   We think, with them, that there is nothing in the other grounds.

Of those two, the last will be first considered.

It appears, that the testimony of the witness referred to in this ground, as "another witness," went to prove an *alibi ;* and that the State introduced two witnesses who swore, that they would not believe him on his oath.

This being so, the testimony of the absent witness, if it had been in, would have been extremely important to the defence.    It is true, that that testimony might have been only "cumulative," but a case may be such, that cumulative evidence, will be of the utmost value in it. And the case of a defence by an *alibi,* will, almost always, be such a case.    There cannot well be too much evidence, to make out a satisfactory *alibi.*

A motion for a continuance, put on the ground of "the absence of a witness," ought to be granted if his testimony will be "material,"   So says the 36th common law rule.

There is no exception of the case in which the testimony, whilst being "material," is only "cumulative."

[1.] We think then, that the Court should either have granted the motion for a continuance, or required a pledge from the other side, that they would not offer evidence to destroy the credit of the witness that was present.

And therefore, we think, that there ought to be a new trial.

As to the other of the two grounds—the fourth.   We think that there is nothing in it.

The whole subject of the examination of witnesses, is one

that is almost exclusively within the *discretion* of the Court. The question whether either party may introduce new evidence, after he has closed his evidence, is a question for this discretion. And it is a universal rule, that a decision made by a Court upon a matter, that lies within its discretion, is not to be disturbed by another Court, unless the decision evinces some *abuse* of that discretion. We do not see, that there was any abuse by the Court below, of its discretion, in its allowing the State to introduce the witness after the argument to the jury had commenced. It does not appear that what was then proved by that witness, was a *surprise* on the prisoners. They asked for no continuance, they asked for no delay—in order to enable them, to meet the new testimony. They did not even suggest, that they *doubted*, whether that new testimony might not be untrue.

[2.] This being so, we think, that the Court in the admission of the new testimony did nothing that can be called an abuse of its discretion.

This conclusion is at variance with that in *Judge vs. The State*, 8 *Ga. Rep.* 175, but nevertheless, we think, that this is the right conclusion.

Judgment reversed.