## STRICKLAND *et al.* v. THE STATE.

1. The provisions of the Civil Code, § 5541, as amended by the act of 1898 (Acts 1898, p. 59), which declare that while exceptions pendente lite must generally be tendered during the term, if the court adjourns within less than thirty days from the date of the ruling complained of, such exceptions may be tendered within sixty days from the date of such ruling, apply to criminal as well as civil cases ; and rulings made prior to verdict, as well as rulings made after verdict and at any time before final judgment is entered in the case, may be made the subject of exceptions pendente lite.

2. When in the trial of a criminal case after the jury have retired to consider the case they return into court and state that they are unable to recollect the testimony on a given point, and in effect request information from the court as to what was the testimony on this point, there is no error in allowing a witness who has been sworn in the case to be recalled and to restate his testimony on the point in question.

3. While it is the safer and wiser practice for trial judges, in charging upon the

effect to be given the statement of the accused in a criminal· case, simply to read to the jury the section of the code bearing upon this subject, without further comment, it is not error to make appropriate comments upon the effect to be given to the statement, provided the language used in so doing is itself free from error.

4. The alleged newly discovered evidence was impeaching in its character; the evidence authorized the verdict; and the judge did not err in refusing to grant a new trial.

Argued March 17, — Decided April 1, 1902.

Indictment for misdemeanor. Before Judge Fite. Bartow superior court. December 23, 1901.

*James B. Conyers,* for plaintiff in error.
*Samuel P. Maddox, solicitor-general,* contra.

COBB, J. Joe Strickland and Charley Badger were placed on trial upon an indictment charging them with the offense of gaming, and were convicted. They made a motion for a new trial, which was overruled, and the case is here upon a bill of exceptions assigning error upon the judgment overruling the motion for a new trial, and upon other rulings which will be hereinafter referred to.

1. The motion for a new trial was filed during the term at which the verdict was rendered; and when the rule nisi thereon was granted, counsel for the accused requested that the court should grant an order superseding the sentence until the motion for a new trial was heard and decided. The court refused to grant a supersedeas, unless each of the accused would give bond with good security in the sum of two hundred dollars, for his appearance to answer the final judgment rendered in the case. On December 23, 1901, counsel for the movants tendered to the presiding judge a bill of exceptions pendente lite, assigning error upon his refusal to grant a supersedeas pending the motion for a new trial, the bill of exceptions reciting that the term at which the trial was had began on the 4th day of November, 1901, and finally adjourned. on the 15th day of that month. The judge declined to certify this bill of exceptions; making thereupon the following entry: "The foregoing being read and considered, the same is disallowed." The accused assign error upon the refusal of the judge to certify this bill of exceptions. It does not appear from the record that the judge placed his refusal to certify the exceptions upon the ground that any averments therein were untrue, but it appears that his refusal to do so was upon the ground that he had no authority to entertain at that time

such exceptions. The Civil Code, § 5541, as amended by the act of December 20, 1898 (Acts 1898, p. 59), provides: "Exceptions tendered before the final judgment, for the mere purpose of being made a part of the record, shall be certified to be true by the judge, and ordered to be placed on the record. Such exceptions must be tendered during the term. But, if the court shall adjourn within less than thirty days from the date of the ruling complained of, such bill of exceptions pendente lite must be tendered within sixty days from the date of the order, decision, or ruling complained of." This provision of the law applies to both civil and criminal cases, and any ruling made during the progress of a criminal case may be made the subject of exceptions pendente lite. See, in this connection, *Herz* v. *Frank*, 104 *Ga.* 638 (1, 2). The judge therefore erred in not certifying the bill of exceptions pendente lite. But this error will not have the effect of reversing the judgment overruling the motion for a new trial, for the reason that the error assigned in the bill of exceptions pendente lite was the refusal of the judge to grant a supersedeas while the motion for a new trial was pending, and, as the motion has been disposed of, no practical benefit from a reversal of this judgment would result to the accused. The judge should have granted a supersedeas; it being now provided by law that whenever the accused in a criminal case is convicted and makes a motion for a new trial, the judge shall grant an order superseding the sentence, when requested to do so by the accused or his counsel. Acts 1899, p. 77. It is due to the presiding judge to say that it was stated in the argument here by the solicitor-general in the presence of counsel for the accused, who by his silence apparently concurred in the statement, that the attention of the judge was not called to the provisions of the act of 1899 at the time he refused the request to grant the supersedeas; and that as soon as his attention was called to the provisions of this act, he passed an order granting a supersedeas to take effect from that time.

2. One ground of the motion for a new trial alleges that after the jury had retired to consider the case and had been in the jury-room for some time, and were unable to agree upon a verdict, they returned into court, and one of the jurors announced to the court that the difficulty in arriving at a verdict was due to the fact that no member of the jury had any recollection of any witness having testified that the game proved to have been played by the accused

was played for money; and, over the objection of the accused, the court permitted a witness who had been examined before the jury to be recalled and to testify in substance that the accused were playing and betting at a game of cards for money. It appears from the brief of evidence that this witness had testified, in substance, that the accused were on the floor before the fire playing a game of cards called "skin" for money, and that there were seventy-five cents in money on the floor, for which they were playing. When recalled at the time above referred to, it appears from the record that he testified as follows: "I saw seventy-five cents on the floor, and Charley Badger took up fifty cents of the money." In the case of *Judge* v. *State*, 8 *Ga*. 173 (5), it was held that when the evidence on the part of the prosecution is closed and the case submitted to the jury on both sides, further evidence can not be admitted in behalf of the prosecution. In the opinion Judge Warner says: "We are not aware of any rule or practice on the trials of criminal causes which would authorize the prosecution to introduce evidence against the defendant after the cause has been submitted to the jury on both sides." It seems from the record in that case that the evidence objected to was offered just before the judge began his charge to the jury, and after counsel had either concluded their argument or had announced that there would be no argument to the jury. In the case of *Crawford* v. *State*, 12 *Ga*. 142, 147, while the question of reopening the case for the admission of additional evidence was not directly involved, Judge Warner used language indicating that the court still adhered to the ruling in the *Judge* case. In *Reid* v. *State*, 23 *Ga*. 190, it was held: "It is within the discretion of the court to allow a witness to be examined after the argument to the jury has commenced." Judge Benning in the opinion says that "this conclusion is at variance with that in *Judge* vs. *The State*, 8 *Ga. Rep.* 175, but nevertheless we think that this is the right conclusion." In *Bigelow* v. *Young*, 30 *Ga*. 121, it was held that "it is within the discretionary power of the court to allow a witness to be sworn, after the evidence on both sides has been announced closed, and the argument has been commenced; and a liberal practice in this respect is most favorable to the ends of justice."

This rule, leaving it to the discretion of the judge whether a case shall be reopened for new evidence after both sides have an-

nounced closed and the argument begun, has been uniformly followed both in civil and criminal cases since the decision in the *Reid* case, supra.    See *Maddox* v. *State,* 68 *Ga.* 294; *Fogarty* v. *State,* 80 *Ga.* 451 (13); *Wiggins* v. *State,* 80 *Ga.* 468 (3); *Johnson* v. *State,* 85 *Ga.* 562 (3); *Powell* v. *State,* 101 *Ga.* 10 (3); *Huff* v. *State,* 104 *Ga.* 521 (5); *Hunley* v. *State,* 104 *Ga.* 755 (1); *Hilburn* v. *Hilburn,* 105 *Ga.* 471; *Milam* v. *State,* 108 *Ga.* 30 (4); *Word* v. *State,* 112 *Ga.* 75; *Frazier* v. *State,* 112 *Ga.* 869 (4); *Georgia Railroad Co.* v. *Churchill,* 113 *Ga.* 12 (3).    The ruling in the *Judge* case, taken in the light of the facts as they appear in the record of that case, is in effect that the court has no power to allow the introduction of new evidence on the part of the prosecution in a criminal case, after the evidence is closed on both sides and argument had, and the presiding judge is proceeding to instruct the jury upon the law of the case.    The ruling in the later cases, beginning with the *Reid* case, recognizes that the judge has a discretion to reopen the case for new evidence at any time before the argument is concluded, and that the reopening of a case for the purpose of allowing new evidence to be introduced will not work a reversal unless it is manifest from the record that injustice has been done.    If the fact that in the *Judge* case the offer of new evidence was made after the argument was concluded, or after it had been announced that there would be no argument and the judge was about to begin his charge, does not constitute any rational distinction between that case and the *Reid* case and there is an irreconcilable conflict between them, the ruling in the *Reid* case will be controlling, for the reason that it is later in point of time, and because the decision in the *Judge* case is distinctly disapproved; the *Reid* case having been decided in 1857, prior to the time that the present rule was adopted, which provides that a decision concurred in by a unanimous court can not be reversed or materially changed except by a unanimous court, and then only after argument had, in which the decision reversed or changed is by permission of the court expressly questioned or reviewed.    This rule grew out of the act of 1858, and the provisions of the Code of 1863. Acts 1858, p. 74; Code 1863, § 201.    If there is any ruling by this court which gives the presiding judge a discretion in the exercise of which he may allow new evidence to be introduced in a criminal case after the jury have retired to consider their verdict,

such ruling has not been called to our attention, nor have we been able to find the same in our investigations.   It would seem that the discretion to reopen the case and admit new evidence would end at the time the jury retire; but upon this point the rulings in other States are not uniform.

Mr. Bishop says: "Indeed, in extreme cases, new evidence may be introduced, or witnesses may be recalled to explain the old, even after the time for hearing testimony has passed, after counsel have begun or ended their addresses to the jury, after the judge has instructed them, or after they have retired and returned or been recalled into court, down to, but not after, the rendition of the verdict.   No such departure from rule can be demanded as of right; neither, as general practice, ought it to be allowed." 1 Bish. Cr. Proc. (3d ed.) § 966.   Let it be conceded that good law and sound practice would prohibit a judge from ever allowing a criminal case to be reopened and new evidence introduced after the jury have retired to consider their verdict, would this prevent a judge from permitting the jury, on their own application, to receive from the officer of court whose duty it was to report the evidence, or from the witnesses themselves, information as to what was the evidence that had been offered before the jury ?   Reasons which would prohibit the introduction of new evidence would not apply in a case where the jury were simply being informed as to what was the evidence that had already been introduced.   It has been held that where the jury are unable to recall the evidence, counsel for each side may state their recollection of the evidence, and the judge may instruct the jury to decide what was the evidence as best they can from their recollection as refreshed by the statement of counsel. It has been held that a witness may, in the discretion of the judge, be recalled and allowed to restate in the presence of the jury what was sworn to when he was on the stand ; and in other cases it has been held that it is not improper to allow the official report of the evidence as taken down by the court reporter to be read to the jury ; the purpose in each case being, not to introduce any new evidence, but to inform the jury as to what was the evidence in the case.   The judge may in his discretion give this information to the jury in any of the ways above referred to, or he may decline to do so altogether.   If the judge in his discretion sees proper to refresh the recollection of the jury in any of the methods above referred

to, his doing so would not be ground for reversing the judgment,. except in a case where it was clear that injustice had been done. If he should decline to aid the jury in any way, but leave them to recall the evidence as best they could, this would not be ground for reversing the judgment. The right of the judge to aid the jury in any of the ways above indicated continues during the entire progress of the case, and may be exercised at any time before a verdict is rendered, upon the request of the jury. If the judge sees proper to adopt the method of calling a witness again to the stand, of course the witness should be instructed not to testify to anything except what was sworn to before; and when in a given case it clearly appears that the testimony of a witness when recalled is substantially the same as when he was first upon the stand, recalling the witness is no ground for reversal, although this was done after the jury had retired to consider their verdict. In the present case the witness when recalled testified substantially to what he had already sworn to; and this being so, the fact that the witness was recalled and allowed to testify will not constitute any reason for reversing the judgment refusing a new trial.

3. The accused were tried jointly upon an agreement between counsel that each should be allowed to testify for the other, and that the evidence of each, so far as it concerned his own conduct, was to be treated as a statement only. The court charged the jury, in substance, that what each of the accused said so far as the other was concerned was evidence and should be so received by the jury, but that what each said about himself was not evidence but was a statement in his own favor, not made under oath; and then proceeded to inform the jury as to what matters should be considered by them in determining whether the statement, either in whole or in part, should be credited by them. It is alleged that this charge was error, for the reason that the court should not give any charge or instruction to the jury about the statement, other than to read the section of the Penal Code on the subject, without commenting thereon. There is no complaint that the comments of the judge were erroneous, but the error assigned is that he had no right to comment at all. While this court in *Ozburn* v. *State*, 87 *Ga.* 174 (6), 185, suggested that it would be "a much wiser and safer practice for our brethren on the circuit bench, in charging concerning statements made by defendants, to confine themselves to the lan-

guage of the statute upon this subject, and not indulge in extended comments upon the effect to be given to such statements," this court has never held that when a trial judge sees proper to make appropriate comments on the effect to be given to the statement, the fact that he does so is reason for reversing his judgment, where there is nothing in the comments which is erroneous.

4. The ground of the motion for a new trial which is based upon alleged newly discovered evidence is without merit, for the reason that it appears not only that the evidence was impeaching in character, but that it could have been discovered before the trial by the exercise of the slightest diligence. The evidence authorized the verdict, and the judge did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring, except Little and Lewis, JJ., absent.*