### Ed. Logan v. The State.

#### No. 2738.    Decided June 24, 1904.

**1.—Charge of the Court—Murder—Self-Defense—Attack.**

Where the evidence shows that deceased began a quarrel with defendant in a restaurant by using profane language towards him and subsequently caught at him and was prevented from catching him by bystanders, the appellant retreating out of the door and the deceased following him and threatening to kill him and finally throwing his hands back as if to get a pistol, when appellant shot; a charge with reference to an actual attack made on defendant and not a threatened one was proper.

**2.—Same—Offensive and Defensive Act.**

A charge, in a case where defendant is charged with murder, and the issue of self-defense arises from the evidence, to the effect that, viewing the facts from the defendant's standpoint, it did not reasonably appear to defendant that he was in danger of losing his life nor of suffering bodily injury at the hands of deceased then and there at the time he fired the shot, his plea of self-defense will not avail him, was proper. Qualifying: Nix v. State, 9 Texas Ct. Rep., 98.

**3.—Jury and Jury Law—Misconduct of Jury.**

Where it appears from the record that the jury in their retirement received and considered testimony not introduced during the trial, the verdict should be set aside.

Appeal from the District Court of Falls. Tried below before Hon. Sam R. Scott.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion sufficiently states the facts as applicable to the issues involved in the case.

*Nat Lewellyn, Tom Connally,* and *Z. I. Harlan,* for appellant.—The evidence on the trial of this case in support of the defense of self-defense went to show that deceased was about to make an attack on defendant at the time defendant shot him, but that said attack had not actually been made, and it was error for the court to base defendant's right to self-defense on the theory that deceased had made an attack on him, as defendant did not have to wait to defend himself until deceased had actually assaulted him. Brady v. State, 65 S. W. Rep., 521; Phipps v. State, 34 Texas Crim. Rep., 560; Phipps v. State, 34 Texas Crim. Rep., 608; Poole v. State, 76 S. W. Rep., 565; Nix v. State, 74 S. W. Rep., 764; Graham v. State, 61 S. W. Rep., 714.

The court erred in giving the concluding paragraph of his charge to the jury upon self-defense, which is as follows, to wit: "If, however, you find from the evidence, after viewing the facts from the defendant's standpoint, that it did not reasonably appear to defendant that he was in danger of losing his life nor of suffering serious bodily injury at the hands of the deceased then and there at the time he fired the fatal shot, then if you so find, you will find against his plea of self-defense." Nix v. State, 9 Texas Ct. Rep., 98.

The provisions of the seventh subdivision of article 517 of the Code of Criminal Procedure are mandatory, and where new evidence is received by the jury during its deliberations, whether from one of their members or from other sources, the case must be reversed; and the same rule obtains where the jury visit and view, the place of the homicide. Darter v. State, 39 Texas Crim. Rep., 40; Nelson v. State, 58 S. W. Rep., 107; Blalock v. State, 62 S. W. Rep., 571; Blocker v. State, 61 S. W. Rep., 391; Hefner v. State, 71 S. W. Rep., 964; McWilliams v. State, 32 Texas Crim. Rep., 269-70.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for murder in the second degree. The court charged the jury on the question of self-defense, that "If from the evidence you believe defendant killed the said Neal Seely, but further believe that at the time of so doing deceased had made an attack on him which, from the manner and character of it and the relative strength of the parties and the defendant's knowledge of the character and disposition of the deceased, caused him to have a reasonable expectation or fear of death or serious bodily injury, and that acting under such reasonable expectation or fear, defendant killed deceased, then you will acquit him. * * * If from the acts (if any) of the deceased, or from his words coupled with his acts (if any) at the time of the homicide it reasonably appeared to defendant, viewing the facts from defendant's standpoint at the time, that he was in danger of losing his life or of suffering serious bodily injury at the hands of deceased, and you find that defendant, acting under such apprehension, shot and killed deceased, then and in that event defendant would be justified. * * * If, however, you find from the evidence, after viewing the facts from the defendant's standpoint, that it did not reasonably appear to defendant that he was in danger of losing his life nor of suffering serious bodily injury at the hands of deceased, then and there at the time he fired the shot, then if you should so find, you will find against his plea of self-defense." Exception was reserved to the charge as given; that the actual attack had not been made upon appellant but that it was only a threatened attack; that this charge submitted the case upon a false theory; that the evidence showed that at the time deceased was only advancing

upon appellant and threatening an attack. The State's case makes it clear that appellant would be guilty of murder. Appellant, however, through his own testimony, supported by other witnesses, shows that deceased was in the restaurant under the influence of intoxicants at the time defendant entered; that deceased became boisterous and profane, finally directing his profanity at appellant, and subsequently caught or caught at appellant, but was prevented from catching him by a bystander; that appellant began retreating, followed by the deceased, who was cursing him and threatening to kill him; that as he passed out the door of the restaurant, deceased followed, still continuing his abuse, with threats to kill; and finally threw his hand back as if to get a pistol, and appellant shot. Under these peculiar facts, we believe the charge with reference to an attack made was proper. The transaction all occurred in a moment or so of time, and so connected from beginning to conclusion that it was continuous and uninterrupted. As we view the facts, the charge in regard to an attack was justified, and it might have been a question of criticism if the act of deceased in grabbing at appellant had been ignored in the charge. Where the evidence does not show an actual attack, but only a threatened one, a charge of this character is not permissible. The authorities on this point are practically a unit in this State. The writer is of the opinion that the latter clause of the charge above copied should not have been given. It was expressly condemned in Nix v. State, 9 Texas Ct. Rep., 98: and for the reasons stated in that opinion I believe this excerpt from the charge should not have been given. However, my brethren think the Nix case is wrong on this proposition and should be overruled.

Misconduct of the jury is also alleged for reversal. It appears from the motion and accompanying affidavits that while the jury were considering the case they passed the scene of the homicide and stepped the distance testified by the witnesses; and one of the jurors, Dixon, drew a plat of the building from what he saw at the time at the place and used the same in discussing the case in the jury room. It is also stated in the affidavit that Thad Clark, one of the jurors, stated to the jury that he knew deceased, and that he was a good negro, and he had never heard of his having trouble. These affidavits are uncontradicted and may be taken as true. The character of deceased had been attacked as being a man of bad character in regard to peace and quietude. The statute forbids the reception of testimony by the jury after they have retired to consider of their verdict. So, we have two phases of testimony considered by the jury after their retirement—first, a visit to the scene of the homicide, stepping the distance, viewing the location of the building where the homicide occurred, and using the diagram prepared after said view of the premises; and second, Clark's testimony in regard to the good character of deceased. Such conduct of the jury has been held reversible error since Smith v. State, 42 Texas, 444.

There can be no question but this was receiving testimony in interdiction of the statute which prohibits this after the jury has retired. The statements of the juror Clark, that deceased was a good negro, and he had never heard of his having any trouble, comes within the same category.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*