## POLLARD *v.* THE STATE.

EVANS, P. J. 1. The statute gives to the defendant no right to make more than one statement; whether he should be allowed to supplement it with another is discretionary with the court. After the jury had been instructed by the court and had retired to their room, it was not an abuse of discretion for the court to refuse to reopen the case for the

purpose of permitting the defendant to make a supplementary statement. *Vaughn* v. *State*, 88 *Ga.* 731 (16 S. E. 64).

2. There being nothing in the evidence to authorize a charge on voluntary manslaughter, failure to charge on it was not error in the absence of a timely written request, although the prisoner's statement may have presented that phase of homicide; the court having charged on the prisoner's statement in terms of the statute. *Irby* v. *State*, 95 *Ga.* 467 (20 S. E. 218).

3. The charge is not open to any criticism made against it, and the evidence authorized the verdict.

*Judgment affirmed. All the Justices concur, except Beck, J., absent.*
NOVEMBER 10, 1915.

Indictment for murder. Before Judge Highsmith. Glynn superior court. September 14, 1915.

*John T. Powell* and *Frank H. Harris,* for plaintiff in error.

*Clifford Walker, attorney-general, J. H. Thomas, solicitor-general,* and *Mark Bolding,* contra.