24225. O'BRIEN v. THE STATE.

DECIDED NOVEMBER 24, 1934.

*Quincey O. Arnold, B. J. Dantone,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

MACINTYRE, J.   In this case, after all of the evidence had been introduced, the statement of the defendant had been made and the counsel for the plaintiff in error had argued for about six minutes, it was suggested to the court by the solicitor-general that he wished to call in rebuttal another witness, whom he had overlooked calling as a witness; whereupon the court asked counsel for the plaintiff in error to cease his argument to the jury at that point and allow the solicitor-general to introduce another witness.   At that point the solicitor-general was permitted to introduce a witness for the State and allowed him to testify to another transaction of highway robbery committed by the defendant.   There was no objection that said testimony was not admissable under the rules relating to "other crimes."   The sole contention seems to be that a new trial should be granted because the judge allowed the case to be reopened after the defendant's counsel had argued to the jury for six minutes.   The plaintiff in error contends that this case is controlled by *Hoskins* v. *State*, 11 *Ga.* 92, where headnote 3 reads as follows: "As a general rule, in a criminal case, the State will not be allowed to reopen the testimony, after the solicitor-general has stated to the court that the evidence is closed.   If, however, this is inadvertently done, and application is immediately made to tender further proof, it may be received, provided, no motion has been made in behalf of the defendant, no evidence introduced, and his witnesses have been discharged in consequence of the declaration."

1.   Upon examination of decisions of our Supreme Court, we find that the same rule stated in the *Hoskins* case, supra, was also stated in the prior case of *Judge* v. *State*, 8 *Ga.* 173 (5).   However, in *Reid* v. *State*, 23 *Ga.* 190, our Supreme Court held:   "It

is within the discretion of the court to allow a witness to be examined after the argument to the jury has commenced." Judge Benning, in the opinion, says that "this conclusion is at variance with that in *Judge* v. *State,* 8 *Ga. Rep.* 175, but nevertheless we think that this is the right conclusion." The *Reid* case was decided in 1857, prior to the time that the present rule was adopted which provides that a decision concurred in by a unanimous court can not be reversed or materially changed except by a unanimous court, and then only after argument had in which the decision reversed or changed is by permission of the court expressly questioned or reviewed. *Strickland* v. *State,* 115 *Ga.* 222, 226 (41 S. E. 713). While the *Reid* case in the 23 *Ga.* distinctly disapproved the ruling in the *Judge* case in the 8 *Ga.,* it likewise, in effect, disapproved the ruling in the *Hoskins* case in the 11 *Ga.,* which is relied upon by the plaintiff in error in the instant case, and the ruling in the *Reid* case and in all the later cases "recognizes that the judge has a discretion to reopen the case for new evidence at any time before the argument is concluded, and that the reopening of a case for the purpose of allowing new evidence to be introduced will not work a reversal unless it is manifest from the record that injustice has been done." *Strickland* v. *State,* supra. It is thus seen that the ruling upon which the plaintiff in error relies, which was made in the case of *Hoskins* v. *State,* 11 *Ga.* 92, is not now of force in this State. We must therefore follow the rule stated in *Strickland* v. *State,* supra, and *Reid* v. *State,* supra. See, also, *Duggan* v. *State,* 116 *Ga.* 846 (2) (43 S. E. 253); *Thomas* v. *State,* 125 *Ga.* 286 (2) (54 S. E. 182); *Fordham* v. *State,* 125 *Ga.* 792 (3) (54 S. E. 694); *Pennington* v. *State,* 42 *Ga. App.* 377 (2) (156 S. E. 286).

*Judgment affirmed. Broyles, C. J., and Guerry, J. concur.*