## 27664. DWIGHT *v.* THE STATE.

BROYLES, C. J. The defendant was convicted of the offense of cheating and swindling. On the call of the case for trial he stated to the court that one of his witnesses was absent, and asked permission to send for him and use him when he appeared. The court stated that the witness would be allowed to testify "provided he got here before the evidence in the case closed." After the introduction of evidence, the statement of the defendant, and the charge of the court, the jury retired to consider their verdict. Soon afterward the absent witness appeared, and the defendant requested permission of the court to put the witness on the stand. The court refused the request. *Held:*

1. The court did not abuse its discretion in refusing to allow the witness to testify. It is admitted in the brief of counsel for the plaintiff in error "that it was discretionary as to whether or not the court should allow defendant to introduce evidence after the jury had retired."
2. The evidence, while conflicting in some respects, authorized the verdict, and the refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED JUNE 13, 1939.

*C. D. McCutchen*, for plaintiff in error.
*J. H. Paschall, solicitor-general*, contra.