## 59941. ROBERTS v. THE STATE.

SMITH, Judge.

William Michael Roberts appeals his conviction for theft by taking. Appellant cites as error the trial court's reopening the evidence after the jury had begun deliberations upon a verdict. We reverse.

Appellant was charged with taking money from his employer. It was further alleged that appellant had spent large sums of money in the company of one Brenda Cattell, at trial a witness for the state. After having deliberated for approximately one hour, the jury, in order to "satisfy the minds" of some of the jurors, requested to see two items (a lease and a sales receipt) which had been used by the State to refresh Ms. Cattell's memory. Since these items had neither been identified nor tendered into evidence, the trial court reopened the case over appellant's objection in order to do so. The State recalled Ms. Cattell to identify the sales receipt. However, identifying the lease necessitated the State's calling a witness who had not testified previously. This witness was not at the courthouse and the trial was delayed until she could be summoned to testify. This new witness was unable to testify that appellant had signed the lease in her presence, but was able to so testify as to the lease application. She further testified that the completed application was necessary before a formal lease could be executed. The trial court determined that the lease application was an integral part of the lease and admitted both these documents plus the sales receipt into evidence. Both parties

were then allowed to present further argument to the jury.

"Reopening evidence is in the sound discretion of the trial court and will not be disturbed when no abuse of discretion is shown." *Hurt v. State,* 239 Ga. 665, 672 (8) (238 SE2d 542) (1977). Further, "[i]t has been recognized for more than 100 years that it is permissible for the trial judge, in his discretion, to permit the jury at their instigation to rehear requested parts of the evidence after they have retired and begun deliberations. [Cits.]" *Byrd v. State,* 237 Ga. 781, 782 (229 SE2d 631) (1976). However, "[i]t would seem that the discretion to reopen the case and admit new evidence would end at the time the jury retire[s] . . ." *Strickland v. State,* 115 Ga. 222, 227 (41 SE 713) (1902).

The testimony given after the case was reopened was not simply a restatement of evidence already introduced; rather, it was new and additional testimony which identified items not previously identified or tendered as evidence. Nor was this testimony harmless to appellant. Prior to the jury's request, Ms. Cattell had testified that appellant had rented an apartment for her and that he had spent several hundred dollars purchasing items for use at the apartment. It appears that this testimony was offered by the State to establish a motive for appellant's having taken the money. The jury, for whatever reason, was not "satisfied" by this testimony alone but sought further evidence of these expenditures. The trial court had charged the jury that "if after giving consideration to all the facts and circumstances of this case your minds are waivering, unsettled, unsatisfied, then that is a doubt of the law, and you should acquit the Defendant." If, after having begun its deliberations, the jury was not persuaded of appellant's guilt beyond a reasonable doubt, then permitting the State an additional opportunity to present new evidence in support of its case was inherently prejudicial to appellant, notwithstanding his also having been given an opportunity to present additional evidence. "Let it be conceded that good law and sound practice would prohibit a judge from ever allowing a criminal case to be reopened and *new* evidence introduced *after the jury [has] retired to consider [its] verdict."* (Emphasis supplied.) *Id.* at 227. See also, *Smith v. State,* 153 Ga. App. 862 (4) (267 SE2d 289) (1980); *Dwight v. State,* 60 Ga. App. 205 (3 SE2d 468) (1939); *Moulton v. State,* 18 Ga. App. 285 (2) (89 SE 341) (1916).

The many cases cited by the State are distinguishable from the case at bar as either involving a restatement of existing evidence, as in *Johns v. State,* 239 Ga. 681 (2) (238 SE2d 372) (1977) and *Person v. State,* 235 Ga. 814 (3) (221 SE2d 587) (1976), or dealing with reopening a case prior to the beginning of deliberations by the jury, as in *Britten v. State,* 221 Ga. 97 (4) (143 SE2d 176) (1965) and

*Pennington v. State,* 42 Ga. App. 377, 382-383 (156 SE 286) (1930). Under the rule set forth in *Strickland,* supra, as applied to this case, the trial court erred in reopening this case over appellant's objection for the purpose of allowing new evidence to be introduced after the jury had begun its deliberations.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

Submitted May 8, 1980 — Decided November 12, 1980 —

*Curtis W. Miller,* for appellant.
*Harry N. Gordon, District Attorney,* for appellee.