## 37067. THE STATE v. ROBERTS.

GREGORY, Justice.

We granted certiorari in this case to review the issue considered by the Court of Appeals in *Roberts v. State,* 156 Ga. App. 405 (274 SE2d 772) (1980). That issue is whether or not the trial court may, at the request of the jury, exercise a discretion to reopen the evidence and allow new evidence to be introduced after jury deliberations have begun. The Court of Appeals answered in the negative. We reverse.

The defendant was on trial upon a charge of theft by taking. It was alleged in the indictment that he took in excess of $900 from his employer. During the State's case in chief Brenda Cattell testified that the defendant had spent substantial sums of money in her behalf to rent an apartment and purchase items for use in the apartment. In order to refresh recollection the witness was permitted to examine a lease and a sales receipt. Neither the lease nor the sales receipt were offered in evidence. Following the submission of the case to the jury and about an hour of deliberations the jury sent a written request to the judge asking to be allowed to see the lease and the sales receipt. The trial court permitted the evidence to be reopened. Two witnesses were called. A foundation for the admissibility of the lease and sales receipt was elicited. In addition, an application relating to the lease was identified and a foundation for admissibility presented. The lease, application, and sales receipt were admitted into evidence. Both the State and the defendant then made further argument to the jury. The jury resumed deliberations and thereafter reached a verdict of guilty.

The Court of Appeals has pointed out that the matter of reopening evidence is generally within the sound discretion of the trial court. The Court of Appeals in its opinion further recognized that a trial judge has a discretion, upon a jury request made during deliberations, to permit the jury to hear again parts of the evidence previously presented. Both these principles are well established. *Hurt v. State,* 239 Ga. 665, 672 (238 SE2d 542) (1977); *Person v. State,* 235 Ga. 814, 816 (221 SE2d 587) (1976). However, relying on certain language contained in *Strickland v. State,* 115 Ga. 222 (41 SE 713) (1902), the Court of Appeals held that the trial judge does not have discretion to reopen the evidence and allow new evidence after the jury has begun deliberations. We note that under the facts of *Strickland,* the opinion stands only for the principle that the judge may, after deliberation begins, allow the jury to rehear portions of the trial testimony. The court there found that the testimony admitted after the evidence was reopened was substantially the same as that previously given. There was no new evidence. In reaching its conclusion the court did state: "Let it be conceded that good law and sound practice would prohibit a judge from ever allowing a criminal case to be reopened and new evidence introduced after the jury have retired to consider their verdict. . ." *Strickland,* supra, at 227. Under the facts before the court in *Strickland* this must be regarded as dicta. In other cases not squarely dealing with the present issue, the Georgia courts have suggested that a discretion is vested in the trial judge. See: *Pollard v. State,* 144 Ga. 229 (86 SE 1096) (1915); *Dwight v. State,* 60 Ga. App. 205 (3 SE2d 468) (1939); *Moulton v. State,* 18 Ga. App. 285 (89 SE 341) (1916). It has been held that the discretion remains vested in the judge even until such time in the trial when the jury reaches the jury room but has not begun deliberations. *Pennington v. State,* 42 Ga. App. 377, 383 (156 SE 286) (1930). The precise issue now presented has never been decided in the Georgia cases.

We have examined authorities in other jurisdictions which generally hold that a discretion continues in the trial judge to reopen the evidence to allow new evidence even after deliberations begin. 87 ALR2d 849, § 2. This is the position taken by the North Carolina courts where the issue has been presented a number of times. State v. Shutt, 279 N. C. 689 (185 SE2d 206, 209) (1971), cert. denied 406 U. S. 928 (1972). Both the dangers of allowing the evidence to be reopened and of not doing so were considered in People v. Olsen, 34 N. Y. 2d 349 (313 NE2d 782, 784) (1974):

"There are obvious reasons why at this stage the power to reopen a case for additional proof must be exercised with utmost caution. One reason of course is that at some point the trial must come to an

end (cf. Mary v. State, 5 Mo. 71). If requests to reopen were casually granted and became routine, the orderly trial process, fundamental to our jurisprudence, would soon erode away. Another consideration, apart from the merits of a predictable trial pattern, is that new evidence introduced during the jury's deliberations is likely to be given 'undue emphasis . . . with consequent distortion of the evidence as a whole' giving rise to the real possibility of prejudice to the party against whom the evidence is offered (Eason v. United States, 9 Cir., 281 F2d 818, 822). On the other hand, a procrustean rule arbitrarily cutting off all possibility of submitting any evidence after the jury has retired, would be difficult to reconcile with the concept of the trial as a truth-finding process."

There are some jurisdictions which take the opposite view. Texas is an example, but there a statute controls. Logan v. State, 46 Tex. Crim. 573 (81 SW 721) (1904).

We are persuaded the better view is to allow the trial judge to exercise a sound discretion in determining whether or not, upon a request by the jury, after commencement of deliberations, the evidence should be reopened and new evidence admitted. We so hold. We further hold that the trial court in this case did not abuse his discretion.

*Judgment reversed. All the Justices concur, except Jordan, C. J., who concurs specially, and Clarke, J., who dissents. Smith, J., disqualified.*

DECIDED APRIL 9, 1981.

Harry N. Gordon, District Attorney, B. Thomas Cook, Assistant District Attorney, for appellant.

Jack Affleck, Curtis W. Miller, for appellee.

JORDAN, Chief Justice, concurring specially.

I fully agree with the result reached in the majority opinion. This conclusion is bolstered by the magnificent words of Justice Lumpkin in *Ganahl v. Shore,* 24 Ga. 17, at p. 26 (1858): "Tell me not of technical rules of evidence! They have excluded the light of day from the jury box long enough. Not only open wide doors and windows, but unroof the temples of justice, that all the rays of truth may beam brilliantly upon those who are set for the administration of the law."