298 P.2d 530

Margaret REYNOLDS, Plaintiff and Appellant,

v.

W. W. CLYDE & CO., and Fred Gray, Defendants and Respondents.

No. 8405.

Supreme Court of Utah.

June 19, 1956.

Geo. K. Fadel, Bountiful, Raymond R. Brady, Salt Lake City, for appellant.

152

· Moreton, Christensen & Christensen, Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a verdict and judgment entered thereon in a case where plaintiff urged that a flagman·on a highway construction job negligently struck the window of her car with his flagman's stick, from which she received personal injuries. Affirmed, costs to defendants.

There were but two eyewitnesses to the incident, the plaintiff and the defendant flagman. Their testimony was diametrically opposed, and there was more than ample evidence which, if believed by the jury, would support its verdict. We sustain such verdicts as a matter of course, as many times we have said we must do. Only those verdicts that appear to be unsupported by any credible evidence that would justify them in the minds of reasonable men, do we disturb. That is the jury system. There is no lack of such evidence here, but on the contrary, there is sufficient competent evidence from which a jury of reasonable persons could conclude there was non-negligence on the part of defendants and/or contributory negligence on the part of plaintiff, or an absence of cause and effect.

Plaintiff presents her case on appeal by reciting facts tending most favorably to prove her claim. The opposite approach must be adopted, and it hardly bears repeating that in a case like this the factual situation will be reviewed on appeal in a light most favorable to the party prevailing below.

We consider and hold that the trial court did not err, as plaintiff contends, in denying the motion for a new trial, since, in cases where there is substantial evidence which, if believed, will support the jury's verdict, the trial court may exercise its discretion in sustaining the verdict, and we, having no discretion in such event, must sustain both.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.