304 P.2d 373

Frank E. DOUGLAS, and Drue E. Douglas, Plaintiffs and Appellants,

v.

R. C. DUVALL, Defendant and Respondent.

No. 8484.

Supreme Court of Utah.

Dec. 6, 1956.

Arthur H. Nielsen, Salt Lake City, for appellants.

Howell, Stine & Olmstead, Richard W. Campbell, LeRoy B. Young, Ogden, for respondent.

HENRIOD, Justice.

Appeal from a verdict favorable to defendant in an action allegedly bottomed on false representations which induced plaintiffs to make six loans between 1950 and 1952 to a mining company whose president was the defendant and one of whose directors was one of the plaintiffs. Affirmed with costs to defendant.

The alleged representations concerned blocked-out ore, potential production, profits, costs and the like.

Plaintiffs' brief recites the facts most favorable to themselves, losers below, which facts were sharply controverted,—an approach this court does not accept.[1] The factual scene here, as reflected in the record, required submission of the case to the jury, there being sufficient substantial competent evidence which, if believed, would sustain the verdict and preclude us from disturbing it.[2]

Significant facts which support such conclusion included an inspection by plaintiff, prior to any loan, of a competent engineer's report and map showing the mine's location, drilling data, estimated tonnage, production costs and ore values, the facts that defendant jointly lost financially along with plaintiffs and others, that plaintiff was a director of the company, that the loans were made to the company, and not to defendant, and were evidenced by corporate notes, that plaintiffs made no demand for payment at or after maturity, that loans were made after previous loans had matured, that the mine produced 113,000 tons of ore, albeit without profit, that engineers and managers were employed, all of which, however, netted a loss for everyone who had contributed to the venture.

Although the venture was most unfortunate and costly for plaintiffs, the defendant and others, it was one that a jury well might find to have been free from fraud, and one which a reasonable person could have avoided through reasonable inquiry, particularly if he had been a director in the

---

1. Reynolds v. W. W. Clyde, 1956, 5 Utah 2d 151, 298 P.2d 530.

2. Williams v. Ogden Union Ry. & Depot Co., 1951, 119 Utah 529, 230 P.2d 315.

company, and one in which any fraud by way of false representation could have been detected upon reasonable inquiry.

Plaintiffs urge that the court erred 1) in submitting the cause on interrogatories, which are allowable under our rules, 2) in giving prejudicial instructions to the jury, with which contention we disagree, 3) in prejudicially commenting on the evidence, which appears to us to have been but a discourse outlining the reasonable duties of directors, phrased, perhaps, somewhat in the vernacular, and 4) in failing to direct a verdict for plaintiffs, which could not have been done, in our opinion because of the controversions in the evidence,—all of which objections we deem without merit for the reasons assigned.

Lastly, plaintiffs complain of the court's refusal to permit counsel to read to the jury at some length from a transcript of the testimony of the defendant. Counsel claimed such privilege as a matter of entitlement. Such permission lies within the discretion of the trial court[3] and we find nothing here reflecting an abuse thereof.

McDONOUGH, C. J., and CROCKETT and WORTHEN, JJ., concur.

WADE, Justice (concurring with the result).

I concur with the prevailing opinion except I think the court erred in refusing to allow plaintiffs' counsel to read from the transcript of the evidence. However, I doubt that such error was prejudicial and therefore concur with the result.

The objection which the trial court sustained was that such reading "would be highly prejudicial," that it is "a question of the jury remembering the evidence," and that "it would unduly emphasize certain parts of the evidence." It appears that the court sustained the objection on the theory that counsel could argue the testimony as he remembered it, but that the law forbids counsel to read the exact words of the testimony to the jury. Such a theory is obviously ridiculous. The only real point made in the objection is that such reading would unduly emphasize certain parts of the evidence. Counsel in his argument to the jury has a right to try to emphasize his theory of the case and the evidence which supports it. It would no more be undue emphasis for him to read an accurate statement of the testimony than it would for counsel to state his recollection thereof. True, such reading might be more impressive on the jury but only because they would be more impressed by an accurate statement of the testimony than they would be by a statement from memory of counsel's version of such testimony. To hold that

3. Smith v. Northern Pac. Ry. Co., 1914, 79 Wash. 448, 140 P. 685; Gephart v. Stout, 1941, 11 Wash.2d 184, 118 P.2d 801.

such is a valid reason for denying the right to read from a transcript is to place a premium on inaccuracy and invite incorrect findings of the fact.

In the argument to this court respondent's counsel does not try to justify the theory on which the ruling was based, but contends that it was within the sound discretion of the court to allow or deny the reading of such testimony. That is the position that the prevailing opinion takes of the matter. In some situations such a holding would be correct. Here the basis of such ruling was on an incorrect theory. Neither at the trial nor in the argument to this court has respondent's counsel suggested any sound reason based on the facts of this case why the opposing counsel should have been curtailed in his argument to the jury. In the absence of a showing of some good reason counsel should have been allowed to argue his case in the manner which he saw fit. Where the court refuses to allow such privilege to counsel without any sound reason, but merely on the mistaken ground that the court has no right to allow such privilege, it is clearly an erroneous ruling which constitutes an abuse of the court's discretion.

Apparently objecting counsel and the trial court both confused this situation with the case where the jury, after retiring to consider its verdict, requests the court to have read to them part of the testimony. Under such circumstances the reading of only one side of the testimony on an issue has been held to constitute undue emphasis. Such holding, even if correct, has no bearing on the problem here presented. In the supposed case the court allows, and in a sense sponsors, the reading of only one side of an issue with no opportunity by opposing counsel to call to the jury's attention the contrary evidence. Here counsel was arguing to the jury; he has a right and duty, within the time alloted and without using unfair or misleading tactics, to emphasize as best he can his side of the case, and the opposing counsel was afforded full opportunity to point out the contrary point of view. What would be improper in the supposed case would have no bearing on what should be allowed in the situation here presented. Under our adversary system of litigation opposing counsel have a right to argue their case in the manner they think will best impress the justice of their claims on the jury. As long as they do so without misrepresentation or unfair or dilatory tactics, it is error for the trial court to direct how counsel may or may not proceed. Here a reading of the testimony would tend to create a more accurate impression on the minds of the jurors than would a mere recital from memory of that evidence. I therefore think the ruling was clearly erroneous.