GREEN *v.* THE STATE.

</div>

1. In the trial of a criminal case, if the jury, after having been charged by the court and retired to their room, disagree as to the testimony of certain witnesses, it is not error for the court, at the request of the jury and in the presence of the accused and his counsel, to require the official stenographer to read the testimony of the witnesses which is in dispute and which was taken down by him while the witnesses were on the stand.

2. A ground of a motion for a new trial that is not approved by the trial judge will not be considered by this court.

3. An assignment of error that "the court erred in giving in charge to the jury, as shown by the general charge of the court, which is of file and made a part of the record in this case, to which reference is prayed, the rules of law governing the rights of parties when engaged in mutual combat," is too

general, vague, and indefinite to be considered. The charge excepted to should have been set out in the motion and specific error assigned thereon.

Submitted February 22, — Decided March 2, 1905.

Indictment for murder. Before Judge Littlejohn. Sumter superior court. January 14, 1905.

*Williams & Harper,* for plaintiff in error.

*John C. Hart, attorney-general, F. A. Hooper, solicitor-general,* and *Blalock & Cobb,* contra.

SIMMONS, C. J. Dock Green was tried and convicted of the offense of murder, with a recommendation that he be imprisoned for life. He made a motion for new trial, which was overruled, and he excepted. The first ground of the amended motion complains, in substance, that the jury informed the judge, after they had been charged and retired to their room, that they differed as to the testimony of two witnesses, and requested that the stenographer be allowed to read the testimony of these witnesses over to the jury. The judge granted the request, and in the presence of the accused and his counsel the stenographer read his notes of the testimony of the two witnesses.

. 1. We do not think the judge below committed error in complying with this request of the jury. The stenographer is a sworn officer of the court. He is sworn faithfully to perform the duties of his office, which include the taking down of the testimony of the witnesses correctly. Having been appointed by the court, the presumption is that he is an efficient officer and is capable of performing his duty. This being so, why not allow the jury to hear the testimony as taken down by him, and to reconcile their differences as to what the witnesses have sworn, by this method? It seems to us a just and proper practice in the transaction of the business of the court, and a much better one than to stop the proceedings, send out for the witnesses, and re-examine them as to what they have already sworn on the trial. In the motion there is no complaint that the stenographer was incompetent, or that the testimony he read was not that delivered by the witnesses. It was the common practice, before the appointment of stenographers was allowed by the act of 1876, to read the testimony taken down by the judge, or some one appointed by him, when counsel or jury disagreed as to the evidence. In the case of *Green* v. *State,* 43 *Ga.* 373, the court, on this point, said: " We are not prepared to

say that the judge may not, at the request of the jury, in the presence of the prisoner, read over to them a portion of the testimony taken down under his order;" and in the case of *Vann* v. *State*, 83 *Ga.* 44, it was held that it is not error, when the court and counsel differ as to what a witness testified, to require the stenographer to read to the jury the exact words of the witness. Attention is called, also, to the following cases: *Morman* v. *State*, 110 *Ga.* 311; *Palmer* v. *State*, 114 *Ga.* 517; *Strickland* v. *State*, 115 *Ga.* 227.

2. The second ground of the motion for new trial was not approved by the trial judge, and therefore can not be considered by this court.

3. The third ground, as shown by the headnote, is too general, vague, and indefinite to be considered. What the rulings on the subject of mutual combat were is not stated in the motion, and the assignment would require this court to read the whole charge of the court below and determine from that what particular charges were excepted to. This, we have often decided, can not be required of this court.

<div style="text-align:center"><em>Judgment affirmed. All the Justices concur.</em></div>