22616. BUNCE *v.* EXECUTIVE COMMITTEE OF THE BAPTIST CONVENTION.

DECIDED APRIL 5, 1933.

*Quincy O. Arnold, A. L. Henson, H. A. Allen,* for plaintiff.

*Carlton W. Binns, Colquitt, Parker, Troutman & Arkwright,* for defendant.

SUTTON, J.   Dr. Allen H. Bunce sued the Executive Committee of the Baptist Convention of the State of Georgia, a corporation, for $12,250.86, alleged to be due for services performed by him under a contract with the Georgia Baptist Hospital, dated April 1, 1921.   On March 31, 1925, the defendant acquired title to all the property of the Georgia Baptist Hospital, took over the management thereof, and ratified the contract with the plaintiff, exacting of him the performance of his services under the contract.   Dr. Bunce set up that he fully performed the services required of him under the contract, that he was paid for such services in accordance with the contract until April 1, 1923, and that thereafter until November 1, 1928, the date of the termination of the contract, he was not fully paid, the defendant failing to pay him for his services in the sum sued for,   A copy of the contract between the hospital

and the plaintiff, together with an itemized statement of the moneys due him, were attached to the petition as exhibits. The defendant filed an answer, in which it denied the existence of any contract and denied that it was indebted to the plaintiff in any sum. The case proceeded to trial and a verdict was returned by the jury in favor of the defendant. The plaintiff moved for a new trial, which was overruled, and to this judgment he excepted.

■ The gist of the plaintiff's case was that he had a contract with the defendant which was continued in force and fully performed by him until November 1, 1928. The gist of the defendant's defense was that in 1923 it terminated its contract with the plaintiff, settling in full with him, and entered into a contract with one Dr. Klugh, a partner or employee of the plaintiff, which it fully performed. The plaintiff introduced evidence tending to show that after the date on which, the defendant contended, the contract between it and the plaintiff was terminated, he asked the defendant to settle with him and pay him according to the terms of his contract, and that the defendant put him off with excuses, saying that as soon as it paid for certain improvements it would be able to take care of its obligations. After having retired to make up their verdict, the jury notified the court that they desired further instructions. On being brought into the courtroom, their foreman propounded to the court this question: "Did the evidence of Allen H. Bunce state that he demanded payment under the contract after 1923?" The court thereupon asked counsel for the plaintiff, in the presence of the jury, if he remembered any testimony of the plaintiff in which he stated that between April, 1923, and November, 1928, he had made any demand for payment. Counsel for the plaintiff replied that the plaintiff testified that he had asked for a settlement several times. The court then stated to the jury that his recollection was that the plaintiff stated that prior to the settlement, referring to the settlement in April, 1923, he asked the defendant for a settlement, "but I don't recollect that he testified that at any time between 1923 and 1928 he made a demand" on the defendant for any payment. The court then stated that he would have the court reporter refer to his notes, and if any such testimony was found the jury would be notified thereof, and that if the jury did not hear from the court to this effect, they would consider that no such testimony appeared in the record.

The jury then retired to further consider their verdict. Thereupon the court reporter examined his notes and stated to the court that they showed that there was no evidence of plaintiff that he made any demand for payment after 1923. The jury were notified of this. The record discloses that the plaintiff testified that after the settlement with the defendant in 1923, he asked the defendant for payment under the contract with it several times, and was informed that as soon as the defendant completed certain enlargements and improvements, it would be able to meet all its obligations. The plaintiff contends that in view of this evidence it was error for the court to state that it was his recollection that the plaintiff had not made any demand of the defendant for any payment under the contract after 1923, and to notify the jury that no such evidence could be found in the notes of the reporter of the evidence adduced on the trial.

"It is error for any or either of the judges of the superior courts of this State, in any case, . . during its progress, or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved; . . and should any judge of said court violate the provisions of this section, such violation shall be held by the Supreme Court to be error, and the decision in such case reversed, and a new trial granted in the court below." Civil Code (1910), § 4863. The language of this section of the code is clear and unequivocal. Applying this section to the facts of this case, we are of the opinion that it was error for the judge to state to the jury, in answer to a question propounded to the court by the jury as to whether there was any evidence by the plaintiff that he had made a demand for a payment under the contract after 1923, that the court did not recollect that there was any testimony to this effect, but that he would have the court reporter examine his notes, and if he found there was such testimony the jury would be notified, where the court reporter examined his notes and stated to the court that no such testimony appeared therein, and the court accordingly informed the jury of this fact, the plaintiff having testified that he had asked the defendant for a settlement under the contract after 1923, which testimony appeared in the record.

■ "Under a denial of the allegations of the plaintiff's declaration, no other defense is admissible except such as disproves the plaintiff's cause of action." Civil Code (1910), § 5636. The evi-

dence of the defendant to the effect that at the time of the alleged settlement in 1923 the plaintiff stated that the defendant needed a graduate doctor who could take charge of the X-ray and the laboratory work, that it could count him out of it, and that if it could not get such a man he had a man in his office who could hold down the place, and that the defendant thereupon entered into a contract with this person to pay him $100 per month to take charge of its X-ray and laboratory work, and terminated its contract with the plaintiff, was admissible to show that the contract between the plaintiff and the defendant had been terminated in 1923, and did not violate the provisions of the above section of the code. By this evidence the defendant did not seek to set up a new contract, but merely sought to show that the old one with the plaintiff had been terminated in 1923.

The court did not err in charging the jury that the defendant contended that the contract was terminated when it hired Dr. Klugh to take charge of its laboratory work in 1923, and that it had fully paid this doctor in full for his services thereunder. The court was merely stating the contention of the defendant. Under this evidence the defendant was not seeking to set up a separate and distinct contract in satisfaction or avoidance of the contract sued on, but was attempting to show that the contract with the plaintiff had terminated in 1923, when it entered into this contract with the other doctor to perform the work theretofore performed by the plaintiff under the old contract.

Nor was it error for the court to charge the jury that if they believed that the plaintiff and the defendant had a settlement in 1923, and that thereafter there was no contract between them, but that the defendant contracted with Dr. Klugh to do its laboratory work and had fully paid him for such work, and did not enter into any further contract with the plaintiff, and the old contract was not continued in force, then the plaintiff would not be entitled to recover. Such a charge was not, in effect, allowing the defendant to set up any new and distinct contract by way of satisfaction or avoidance of the contract sued on by the plaintiff. As we have seen, this charge stated the contention of the defendant, which, if they believed it to be true, would entitle it to prevail and not the plaintiff.

■ As we grant a new trial by reason of the matters set forth in

the first division of this opinion, we do not pass upon the sufficiency of the evidence.

*Judgment reversed.    Jenkins, P. J., and Stephens, J., concur.*