COMPTON, *alias* STYLES, *alias* LEE, *v.* STATE.

No. 9974.   September 21, 1934.

*Arthur W. Powell* and *Marvin G. Russell,* for plaintiff in error. *M. J. Yeomans, attorney-general, John A. Boykin, solicitor-general, B. D. Murphy, J. T. Goree,* and *J. W. LeCraw,* contra.

PER CURIAM. ■ It appearing from the record that another witness had already testified substantially to the same effect, without any objection on the part of the defendant to his testimony, the court did not err in submitting to the jury the testimony delivered by an absent witness upon a former trial of the same case, upon the same matters and to the same points as had already been done without objection. Especially is this true since the State had proved the last known whereabouts of the absent witness to be in the State of New York; and in the absence of further evidence it could be presumed that he was still beyond the jurisdiction of the court.

■ It does not appear from the assignment of error contained in the second special ground of the motion for new trial how or why the testimony therein set out could put the character of the defendant in issue.

■ The charge of the court of which complaint is made in the third special ground is not subject to the criticism by which it is attacked. The instruction upon the subject of conspiracy was authorized by the evidence upon that subject. It was not confusing or misleading.

■ The charge to which exception is taken in the fourth ground is not subject to any of the assignments of error.

■ A juror is disqualified, in the trial of a capital felony, if he is opposed to conviction upon circumstantial evidence. The law makes no distinction between proof by direct evidence and proof of such facts and circumstances as are sufficient to satisfy a reasonable and impartial mind to the exclusion of any other reasonable hypothesis than that of the defendant's guilt. Upon the statement of the proposed juror in this case that he was opposed to capital punishment when the alleged crime was proved only by circumstantial evidence, the court did not err in setting him aside. The fact that the juror substituted in his stead had mingled with a large number of persons during recess of court would not, of itself and without more, disqualify one of the regular panel from service as a juror in the pending case. No point is raised in the record, or decided, as to the propriety of the judge withdrawing one juror and substituting another in the circumstances of this case.

■ This court has held that where the jury are unable to recall the evidence, counsel for each side may state their recollection of the evidence, and the judge may instruct the jury to decide, from their recollection as refreshed by counsel, what was the evidence in the case. *Strickland* v. *State,* 115 *Ga.* 222 (41 S. E. 713). In the discretion of the judge a witness may be recalled and allowed to restate to the jury what he swore when he was previously on the stand. Other decisions hold it not to be improper to allow the evidence as taken down by the court reporter to be read to the jury. *Green* v. *State,* 122 *Ga.* 169 (50 S. E. 53), *Strickland* v. *State,* supra. In case of disputes on the part of the jury as to the evidence, it is not error for the judge to allow recollection of the jury to be refreshed in any of the ways above referred to; but he may decline to do so altogether, and his doing so would not be ground for reversing the judgment, except in a case where it was clear that injustice had been done. "If he should decline to aid the jury in any way, but leave them to recall the evidence as best they could, this would not be ground for reversing the judgment." This case is different on its facts from *Dozier* v. *State,* 26 *Ga.* 156, in which the judge made the notes himself; whereas in the instant case the notes were made by the stenographer, and were not sworn to by the stenographer or approved by the judge.

■ The ground relating to alleged newly discovered evidence was properly overruled, inasmuch as the purported witnesses were not vouched for as required by the Civil Code (1910), § 6086.

■ The evidence authorized the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Hutcheson, J., who dissent.*

RUSSELL, C. J., and HUTCHESON, J., dissenting from the ruling in division 6 of the opinion. In the circumstances of this case it seems to us that great injustice was likely done the defendant. The only witness by whom the State proved conspiracy was Harry Kosnofsky. His testimony as to the actual killing purported to be that of an eye-witness. In a broad sense, the guilt or innocence of Compton depended entirely on the credit attached to his testimony by the jury. On the former trial of the case his testimony was totally different from that in the present trial. This fact was developed only by the cross-examination, and it was, in our opinion, the duty

of the court to aid the jury in ascertaining exactly what Kosnofsky swore on his cross-examination, and this probably would have settled any controversy which may have arisen. In the particular circumstances, we are of the opinion that the judgment of the lower court should be reversed merely upon this ground. In *Dozier* v. *State*, 26 *Ga*. 156, the jury differed among themselves as to what the main witness swore on an important point. The court refused to read the testimony of the witness as to whose testimony they differed as it had been taken down by the court. The defendant was convicted, and his motion for a new trial based upon several grounds was overruled. The Supreme Court reversed the judgment of the lower court upon the single ground that he refused the request of the jury to read or have read in the hearing of the jury the testimony of the witness Elvira Wheeler, though finding that there was no error in other grounds of the motion. The decision was that of a unanimous bench. In ruling upon the point now before us this court said: "The usual course in such cases has been for the court to require the witness, if at hand, to restate to the jury his evidence on the point; if the witness is not at hand, to read to the jury what has been taken down in writing as the evidence of the witness, *on the point*. This course, we think, has been in pursuance of the law. . . . It does not impose on any juror the duty of surrendering a clear conviction as to what it was he heard from the mouth of the witness when the witness was testifying. This is a matter it leaves to him."