## BLAKEWOOD *v.* THE STATE.

No. 14529.　MAY 7, 1943.

*Aaron Kravitch* and *Shelby Myrick,* for plaintiff in error.

*T. Grady Head, attorney-general, Samuel A. Cann, solicitor-general, Andrew J. Ryan Jr.,* and *L. C. Groves, assistant attorney-general,* contra.

ATKINSON, Justice. (After stating the foregoing facts.)

The first special ground of motion is in the nature of a repetition of the general grounds, with the specification that (a) there was no evidence of an intent to kill, (b) no evidence of express malice, (c) no evidence of implied malice, (d) no presumption of implied malice.

(*a*) There being evidence that the accused poured alcohol upon the body and clothing of his wife, that alcohol is highly inflammable, that the accused then applied a match, and that his wife died as a result of the burns, this was sufficient evidence for the jury to find that the accused intended to kill. The intention of the defendant is a matter for the jury. *Hunter* v. *State,* 147 *Ga.* 823, 828 (95 S. E. 668).

(*b*) (*c*) (*d*) Under the facts in this case the jury were authorized to find that the killing was with malice. "Malice shall be implied where no considerable provocation appears, and where all the circumstances of the killing show an abandoned and malignant heart." Code, § 26-1004.

Under special ground 2 the accused alleges error in the court charging: "I charge you that murder is the intentional killing of a human being by the intentional use of a weapon that in the manner it is used at the time is a weapon likely to kill, and a killing without justification, excuse, or mitigation," the errors complained of being: (a) there was no evidence to show that the alcohol, and the lighting of the same with a match, was intentionally used; (b) and (c) that there was no evidence that the

alcohol, and lighting the same with a match, constituted a weapon likely to kill.

(a) There was ample evidence to authorize the jury to find that the act was intentional. See the evidence of Mr. and Mrs. Leonard, and W. E. Blakewood. "Every person is presumed to intend the natural and necessary consequences of his acts." *Freeman* v. *State*, 70 *Ga.* 736; *Vann* v. *State*, 83 *Ga.* 44, 54 (9 S. E. 945).

(b) (c) The evidence of the burns on the body of Mrs. Blakewood, their extent and their seriousness, and the evidence of Dr. Millman, was sufficient to show that alcohol when placed upon a person and ignited is a weapon likely to produce death. That a weapon is one likely to produce death may be shown by evidence as to the nature of the wound. *Paschal* v. *State*, 68 *Ga.* 818; *Matthews* v. *State*, 104 *Ga.* 497, 499 (30 S. E. 727); *Paschal* v. *State*, 125 *Ga.* 279 (54 S. E. 172).

■ The third special ground alleges error in the ·following charge: "I also charge you that all other circumstances which stand upon the same footing of reason and justice shall be justifiable homicide;" which immediately followed the charge: "I charge you also that murder is the intentional killing of a human being by the intentional use of a weapon that in the manner it is used at the time is a weapon likely to kill, and a killing without justification, excuse, or mitigation." The alleged error was (a) that it was confusing and misleading to the jury, and its effect was nullified by being submitted to the jury immediately after a charge defining murder; (b) that defendant was entitled to have said portion of the charge submitted after a charge on justifiable and excusable homicide. Neither of said exceptions has any merit. The portion of said charge complained of is a part of the language of the Code, § 26-1016. This section has no application to the instant case, where the defense is that of an accident. It is applicable only to a certain type of cases that contain the element of defense or prevention. *Mays* v. *State*, 88 *Ga.* 399, 402 (14 S. E. 560). Even though this particular portion of the charge was not applicable to the case, such misapplication is not subject to either criticism advanced.

■■ Under ground 4 the accused alleges error by reason of the court's charging the jury that voluntary manslaughter was not

involved in the case; and under ground 5 he alleges error because the court failed to charge on the law of voluntary manslaughter. Neither of these grounds, nor the brief for the accused sets forth or calls attention to any evidence that would authorize the court to charge on the law of voluntary manslaughter. From a search of the brief of evidence we find no such evidence. The court was correct in not charging upon this subject.

■ Under ground 6 error is alleged because the court refused, on proper request, to charge as follows: "I charge you that in the commission of a crime or misdemeanor there must be a union or joint operation of act and intention, or criminal negligence. If the State fails to prove this beyond a reasonable doubt, it would be your duty to acquit the defendant of any crime or offense." While the court did not charge in this exact language, the following portion of the charge substantially covered this request: "If you believe, beyond a reasonable doubt, that this woman was killed in the manner alleged in the indictment, in order to avail the defendant of the defense of accident, under this indictment, it must appear to your satisfaction that there was no evil design, no evil intention, and no culpable negligence on the part of the defendant. If the jury should determine that there was no evil design or intention, and that there was no culpable negligence on his part, but that the homicide, as alleged in the indictment, was in fact an accident, unmixed with any evil design or culpable neglect on the part of the defendant, the jury would not be authorized to convict him of any offense." This court has repeatedly held that where the request to charge is covered by the general charge, refusal of the request is not error.

■ Under ground 7 the accused alleges error in the refusal of the court, under a proper request, to charge as follows: "I charge you further that where the defendant has denied the murder, if any, or explains the act with an exculpatory statement, or denial of guilt, the burden remains with the State to prove malice before you could convict the defendant of murder." Assuming this, in the abstract, to be a correct statement of a rule of evidence, and further assuming that it is in accordance with a long line of decisions of this court, as in *Mann* v. *State*, 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.)934), and others up through very recent cases, still it was not error in the present case for the court to decline

to give it in charge, nor could the refusal so to charge nave in any way been injurious to the case of the accused. The court charged the jury that malice was a part of the crime of murder, and that it was necessary for the State to prove all of the elements of murder beyond a reasonable doubt. Under the charge, it was therefore necessary for the State to establish malice. The court did not charge any rule pertaining to the presumption of malice. The requested charge is based upon a rule of evidence that provides under what circumstances malice will be presumed. The general charge having placed the burden on the State to establish malice, there could be no error in the refusal to charge that under given circumstances, as outlined in the request, the burden "remains with the State to prove malice before you could convict the defendant of murder." And this is true notwithstanding that one of the State's witnesses, H. F. Beebe, testified as follows: "He [accused] said . . she . . asked him to take the bottle of alcohol and rub her to stop the itching. He said that he massaged her arms and hands, and when he got through he leaned over and got a cigarette, and when he struck the match the little room went into flames."

■ Under ground 8 the accused alleges error in the following charge: "If you believe beyond a reasonable doubt that this woman was killed in the manner alleged in the indictment, in order to avail the defendant of the defense of accident under this indictment it must appear to your satisfaction that there was no evil design, no evil intention, and no culpable negligence on the part of the defendant." Error is alleged as follows: (a) that it relieved the State of proving that it was not an accident; (b) that it placed the burden of establishing this defense upon the defendant; (c) that said charge was misleading, confusing, and prejudicial. This charge was not error for any reason assigned.

■ The facts in this case show it to be a rather unusual method of committing homicide. The court charged the law of murder, involuntary manslaughter, and death by misfortune or accident. There was evidence that would have supported either finding. It was the province of the jury to determine to which of these modes of homicide the evidence was applicable. Having determined it to be murder, and the judge having approved this verdict, we can not say that he erred in so doing.

*Judgment affirmed. All the Justices concur.*