SWINT v. THE STATE.

CANDLER, Justice. 1. The evidence fully authorized the verdict, and therefore the general grounds of the motion for new trial are without merit.

2. Special ground 4 of the amended motion for new trial, makes the point that the venue of the crime was not sufficiently shown. Ed Burton, a witness for the State, after relating the circumstances of the alleged homicide, and after testifying as to the cause of death and the condition of the victim's body, testified as follows: "That happened in this county, Jenkins County, State of Georgia, on the 14th day of April, last year, 1946." From this testimony the jury was authorized to find that the alleged homicide was committed in Jenkins County, Georgia, and this ground of the motion is without merit. *Womble v. State*, 107 *Ga*. 666 (33 S. E. 630); *Lee v. State*, 176 *Ga*. 215, 218 (167 S. E. 507); *Rider v. State*, 196 *Ga*. 767 (27 S. E. 2d, 667).

3. Where, as here, the defendant in her statement to the jury, admitted that the deceased was "stuck" while she and the deceased were engaged in a friendly scuffle, but claimed that it was not intentional, the case is not one depending wholly upon circumstantial evidence, so as to require a charge upon the law of such evidence. *Duren v. State*, 158 *Ga*. 735 (3) (124 S. E. 343); *Strickland v. State*, 167 *Ga*. 452 (145 S. E. 879); *Bowen v. State*, 181 *Ga*. 427 (182 S. E. 510); *Blocker v. State*, 185 *Ga*. 322 (2) (195 S. E. 207). Special ground 5 is therefore without merit.

4. Special ground 6 complains of the following charge: "Now, I charge you that the contention of the defendant in this case is that this occurrence was an accident." It is contended that this charge was erroneous and incorrect, since she at no time ever admitted or contended that the deceased was killed accidentally. The defendant, in her statement to the jury, stated: "That Sunday it happened me and Mary [deceased] were playing and I didn't do it, not intentionally. . .. We got to the foot of the bed and me and her was still playing right on, me and her was playing, and she put her arms around my neck and I had the knife in my pocket and I kinda leaned back over the foot of the bed like this [indicating] and she had her arms around my neck, and when the knife stuck in her she said, 'Oh, Cora Lee, I'm cut, you all

carry me to the doctor.'" The court therefore correctly charged the contention of the defendant and properly charged on the subject of accident.

5. The court properly instructed the jury that the defendant, by her plea of not guilty, entered upon the trial with the presumption of innocence in her favor, and that the presumption remained with her throughout the entire trial and until met and overcome by evidence offered by the State which satisfied their minds and consciences of the guilt of the defendant of the crime charged in the indictment beyond a reasonable doubt. The complaint made in special ground 7, that the court did not fully instruct the jury on the burden of proof, is therefore without merit.

6. After the jury had retired and had considered the case for some time, they returned to the courtroom, and requested a further charge on the law of malice and a rehearsal of the testimony of a certain witness. The court asked counsel for the defendant if he had any objection to the testimony being repeated and he stated that he did. After giving a further charge on the law of malice, the judge stated to the jury: "All right, the defense objects to the testimony of Eugene Williams being repeated, so you will just have to remember that the best you can." It is contended in special ground 8 that this statement was hurtful and prejudicial to the movant because the court should not have put the burden on his counsel, in the presence of the jury, of refusing to allow the testimony to be repeated, and that the quoted charge emphasized that the testimony was being withheld by the defendant. A trial judge may, in his discretion, on request from the jury, recall a witness and allow him to restate what he swore when he was previously on the stand, or he may require the official court stenographer to read the testimony of a witness. *Strickland* v. *State*, 115 *Ga.* 222 (2) (41 S. E. 713); *Green* v. *State*, 122 *Ga.* 169 (50 S. E. 53); *Compton* v. *State*, 179 *Ga.* 560 (6) (176 S. E. 764). While it might have been improper here for the trial judge to ask counsel for the defendant, in the presence of the jury, if he objected to such testimony being repeated, and to state to the jury that, since the defense objected, they would have to remember it the best they could, still it is not, in our opinion, such an error as would require a reversal of the trial court. *Morman* v. *State*, 110 *Ga.* 311 (35 S. E. 152); *Green* v. *State*, supra.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16146. MARCH 19, 1948.

*D. A. Bragg* and *Charles G. Reynolds,* for plaintiff in error.

*Eugene Cook, Attorney-General, Fred T. Lanier, Solicitor-General,* and *Wright Lipford, Assistant Attorney-General,* contra.