## 38190.   JEFFERSON *v.* THE STATE.

TOWNSEND, Judge.   1. In order to present a question for decision, a special ground of a motion for new trial must be sufficiently specific so that the reviewing court will not be uncertain as to the error complained of. *Pepper* v. *Pepper,* 169 *Ga.* 832 (10) (152 S. E. 103). The burden of showing both error and in-

jury is on the movant. Under these rules, special grounds 4, 6, 7, and 9, present no issue for consideration because they either show no ruling adverse to the movant or fail to show wherein she was injured by such ruling. In special ground 4, counsel for the defendant said in his opening statement, "I think the jury ought to know in view of what has been in the papers" and on objection the court replied: "I don't think that has anything to do with this," but the ground fails to complete the record by showing to what matters the statements referred. In ground 6, the witness answered the question by stating she did not remember being called before a certain judge; a repetition of the question was then objected to as irrelevant and the court ruled: "I think the thing is moot; I think she said she didn't appear before him." If counsel had intended to elicit any further information the special ground fails to show its nature. In special grounds 7 and 9 the ruling was favorable to the movant. Accordingly, none of these grounds shows merit.

2. Special grounds 5 and 8 contend that certain testimony of the prosecutrix as to what was said to her by the defendant, and the physical condition of the defendant at the time of the alleged beating, was prejudicial and placed her character in issue by accusing her of drunkenness and intimating that she was guilty of sexual misconduct. Words and conduct of the defendant at the time the offense is committed are a part of the res gestae, *Weldon* v. *State,* 84 *Ga. App.* 634 (1) (66 S. E. 2d 920); *Johnson* v. *State,* 69 *Ga. App.* 377 (1) (25 S. E. 2d 584). These grounds show no reversible error.

3. Special ground 10 complains that after counsel for the defendant had established by a witness that there had been a lot of feeling about the case among the colored people of Athens, Georgia, he asked for "the names of some of them," and on objection the court ruled the question irrelevant. If the defendant desired to show that the prosecution resulted from malice, prejudice, and ill will, as contended, a proper foundation should have been laid. The special ground fails to show wherein the defendant's rights were prejudiced or wherein the information as to the names of persons upset by the alleged assault would have been relevant in establishing the defendant's guilt or innocence of the offense with which she was charged.

4. In making his statement to the jury, as provided for by statute, the defendant not being sworn as a witness, nor subject to cross-examination, nor restricted by the rules of evidence, he cannot lay the foundation for introducing evidence in his favor that would otherwise be inadmissible. *Brooks* v. *State*, 150 *Ga.* 732 (3) (105 S. E. 362). Accordingly where, on objection to a question by counsel for the defendant, counsel said that "it has something to do with the defendant's statement," the reply of the court as follows: "I don't believe the statement is evidence, Mr. Jennings," which statement was directed to counsel in ruling on the objection rather than to the jury, it was neither erroneous nor an expression to the jury that they should disregard the defendant's statement. Further, there being no objection at the time, the question cannot be raised here for the first time. As stated in *Barnett* v. *Strain*, 151 *Ga.* 553 (5) (107 S. E. 530), remarks made by the court to counsel touching questions of law and fact, which are not a portion of the court's charge to the jury, will not be a good ground of a motion for new trial, unless a motion for mistrial was made at the time, although the remarks contain an expression of opinion which would not have been permissible in a charge to the jury. Special ground 11 is without merit.

5. Special ground 12 complains that the court erred in that, after the jury had requested and received a recharge on the law of assault and battery, one of the jurors inquired whether it would be possible to have the defendant's unsworn statement read, to which the court replied that the jury would have to rely on their own recollection as to the testimony and the statement of the defendant. There are no Georgia decisions on the question of whether or not the court should, on request, allow a stenographic transcript of parts of the evidence, or the defendant's statement, to be read to the jury, or whether he should allow counsel to read from the transcribed evidence in the case at length in arguing to the jury. *Bunce* v. *Executive Com. of Baptist Convention*, 46 *Ga. App.* 695 (169 S. E. 51) illustrates one danger of this procedure. There a juror asked the court whether there was any testimony on a certain point; the court replied that he did not recollect any such testimony but would have the court reporter examine his notes, and if the reporter found there was such testimony he would

inform them of that fact. The reporter failed to find the testimony, which was in fact in the record, and the case was reversed because of the erroneous statement to the jury. The question has been considered in other jurisdictions, and it is usually held to be within the discretion of the court whether to allow the transcript of a part of the evidence to be re-read. Douglas *v.* Duvall, 5 Utah 2d 429 (304 P. 2d 372). In Aasen *v.* Aasen, 228 Minn. 1 (36 N. W. 2d 27), the court, although stating that "after the close of the reception of testimony and the admission of evidence, any practice whose purpose is to create a primary impression of facts upon the minds of the jurors is of doubtful propriety," also observed that, when properly done, such reading from the transcript of evidence is sometimes necessary for the enlightenment of the jury. The defendant's statement here was fairly lengthy and constituted almost the sum total of the defense; to re-read it in its entirety might well seem subject to the objection urged in the Aasen case, although, had the jury requested to be informed as to some particular statement made, a different situation might be presented. No abuse of discretion appears here in refusing to allow the defendant's statement in its entirety to be re-read after the conclusion of the evidence.

6. The general grounds of the motion for new trial are not argued by the plaintiff in error. The evidence of the State's witnesses established that the defendant, an employee at the Training School for Girls, attacked and beat the prosecutrix severely around the face and head, while holding a pistol on her with one hand. Accordingly, the conviction of assault and battery was authorized by the evidence.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MARCH 18, 1960.

*Al Jennings,* for plaintiff in error.

*Clarence H. Clay, Jr.,* Solicitor, *Harry F. Thompson,* Assistant Solicitor, contra.