## 28551. BLINCOE v. THE STATE.

SUBMITTED JANUARY 2, 1974 — DECIDED MARCH 7, 1974 — REHEARING DENIED MARCH 21, 1974.

*Sexton & Skidmore, Timothy N. Skidmore, Rick S. Sexton,* for appellant.

*Richard Bell, District Attorney, Calvin Leipold, Steven B. Taylor,* for appellee.

MOBLEY, Chief Justice. Homer Davis Blincoe was indicted for a violation of the Drug Abuse Control Act, the possession of marijuana. He appeals from the denial of his motion to quash the indictment on constitutional grounds. The trial judge signed a certificate for immediate review.

The motion to quash the indictment alleges that the portions of the Drug Abuse Control Act (Code Ann. Ch. 79A 9; Ga. L. 1967, p. 296 et seq., as amended by Ga. L. 1970, p. 470 et seq.) which concern marijuana are unconstitutional for the following reasons: They deny due process of law under the State and Federal Constitutions; they are an unlawful exercise of the state's police power in that they violate the individual's right to privacy under the Georgia Constitution, Art. I., Sec. I (Code Ann. Ch. 2-1) and the Fourth Amendment of the United States Constitution (Code § 1-804); they deny the individual's right to the enjoyment of life, liberty, property and the pursuit of happiness under the Georgia Constitution, Art. I, Sec. I, Par. III (Code Ann. § 2-103) and the Preamble of the Constitution, and under the Fourteenth Amendment of the United States Constitution (Code § 1-815); they constitute cruel and unusual punishment, in violation of the Georgia Constitution, Art. I, Sec. I, Par. VIII (Code Ann. § 2-108) and the Eighth Amendment of the United States Constitution (Code § 1-808).

1. The basic premise on which most of the constitutional attacks are made is that marijuana is not a dangerous or harmful drug. In support of this premise, the appellant introduced three expert witnesses who testified extensively concerning the effects of marijuana, and also introduced exhibits.

It can not be questioned that the state has no right, under the guise of exercising the police power, to invade the personal rights and liberty of the individual citizen by legislation which has no reasonable relation to a legitimate state purpose. If marijuana is a perfectly harmless substance, then its possession can not constitutionally be made criminal. If it is a dangerous drug, the State has a right to make its sale and use criminal. Robinson v. California, 370 U. S. 660, 664 (82 SC 1417, 8 LE2d 758).

The question of whether marijuana is a harmful drug is essentially a scientific one. The state introduced no expert testimony on this question, but relied on cross-examination of the expert witnesses for the appellant. These witnesses testified that marijuana is a relatively mild, mind-altering drug, not as dangerous to health as alcohol and tobacco, which produces a feeling of euphoria and relaxation; that it is not habit-forming, does not induce violence, and causes no permanent harm to the body.

These witnesses also testified that: marijuana is not legalized in any country in the world except Nepal. The overwhelming majority of marijuana users do not progress to other drugs, although statistically, they are more likely to experiment with other drugs than nonusers, and the drug they are most likely to experiment with is LSD. Marijuana has the capability of leading to severe effects among a small number of users. Some people, when they get a very large dose of marijuana, feel anxious and uncertain, and may get paranoidal. The witness could not say that marijuana is a harmless drug. A chart prepared by one of the witnesses states that marijuana has a moderate potential for psychological dependence, that short term effects include some alteration of time perception, possible impairment of judgment and coordination, and long term effects include occasional acute panic reactions.

"Legislative acts in violation of the constitution of this state or of the United States are void; and it is the duty of the judiciary so to declare them; but before an act of a co-ordinate department of the government will be declared unconstitutional, the conflict between that act and the fundamental laws must be clear and palpable." *Wellborn v. Estes,* 70 Ga. 390 (1); *Cooper v. Rollins,* 152 Ga. 588 (1) (110 SE 726, 20 ALR 1105); *Lamons v. Yarbrough,* 206 Ga. 50 (2) (55 SE2d 551).

The record in the present case has not clearly demonstrated to this court that marijuana is such a harmless substance that the General Assembly had no right to make its sale and possession criminal.

2. There is no merit in the contention that the decision of the United States Supreme Court in Stanley v. Georgia, 394 U. S. 557 (89 SC 1243, 22 LE2d 542), would require a ruling that the mere private possession of marijuana may not be prohibited by the state. The Stanley case dealt with the private possession of obscene material, and it was held that: "The Constitution [First Amendment] protects the right to receive information and ideas,

regardless of their social worth, and to be generally free from governmental intrusions into one's privacy and control of one's thought." In a note to the case (p. 568) the court stated that the opinion "in no way infringes upon the power of the State or Federal Government to make possession of other items, such as narcotics, firearms, or stolen goods, a crime." The right of privacy does not embrace the right to possess dangerous drugs.

3. It is contended that the statute is unconstitutional in defining marijuana under the term "depressant or stimulant drug" (Code Ann. § 79A-903 (b) (5)), as it cannot be scientifically classified with these drugs, having unique properties distinguishing it from the depressant and stimulant drugs.

From the testimony it appears that the depressant and stimulant drugs, and marijuana, are all "mind-altering drugs." It does not appear that the classification of marijuana under the category of "depressant or stimulant drugs" is so arbitrary as to render the statute unconstitutional.

Marijuana is plainly defined in the statute, and there is no merit in the contention that the statute is so vague and ambiguous that the ordinary person can not know how to avoid unlawful conduct.

4. It is contended that the criminalization of the use of marijuana violates the constitutional guaranty of equal protection of the law, because the use of alcohol and tobacco are not prohibited, although there is evidence that they are more harmful to the human body than marijuana.

It is a matter of discretion vested in the General Assembly, in the light of the scientific knowledge available to them, to determine what harmful substances shall be declared by them to be illegal.

Our statutes concerning the possession of marijuana are not subject to the constitutional attacks made, and the trial judge did not err in denying the motion to quash the indictment.

*Judgment affirmed. All the Justices concur.*