### 49976. EPPS v. THE STATE.

PANNELL, Presiding Judge.

Appellant was arrested on June 2, 1973, and charged with violation of the Georgia Drug Abuse Control Act (Ga. L. 1967, pp. 296, 346; Code Ann. Ch. 79A-9). After arrest and indictment, appellant filed a motion to suppress alleged illegally seized evidence, a motion to quash the indictment, a demurrer to the indictment, a motion for change of venue, and a motion for production of evidence. All of these motions, except for the motion for production of evidence, were denied. Appellant was tried in the Superior Court of Troup County by a jury, convicted and sentenced to two years and a $1,500 fine (the 2-year term to commence at the end of a sentence which was being served at that time). Because of constitutional questions involved, this case was transferred to the Supreme Court and subsequently transferred back to this court because a

decision in another case by the Supreme Court had passed upon the constitutionality of the statute.

Pursuant to information received by the Troup County Sheriff's office on or about May 31, 1973, regarding a liquor still supposedly on a certain tract of property, an officer was sent out to the tract to investigate. There was testimony at the trial indicating that the property involved was owned by Akers Motor Lines. While conducting a search of the premises, the officer came across a covered hole in the ground. The officer looked inside the hole and discovered packages of what appeared to be marijuana. At that time some of the substance was removed and some was left in the hole, and surveillance was set up around the site. On the third day of the surveillance, June 2, 1973, two black males were seen approaching the area. One of the men allegedly stopped at a distance approximately 250 feet from the hole while the second man, the appellant herein, proceeded towards the hole. There was testimony at the hearing on motion to suppress, that appellant went to the hole and placed something in it, at which time the officers maintaining the surveillance emerged and arrested him. The officers also arrested the second man, a juvenile, who was the brother of the appellant. The substance which had been placed into the hole appeared to be (and was in fact) marijuana.

Appellant, in his appeal from the judgment of conviction and sentence sets out twelve enumerations of error which will be dealt with individually.

1. Appellant's first enumeration of error, and his main contention, is that the trial court erred in overruling and denying his motion to suppress evidence.

The evidence authorized a finding by the trior of the facts on the motion to suppress, (a) that in the first instance the finding of the hole and appropriation of a part of the contents, all out in an open field is a matter about which the defendant can not complain, he being neither the owner, tenant upon, invitee upon, or even present at the time the premises were searched. This area was, therefore, as to him no constitutionally protected area as in Texas v. Gonzales, 388 F2d 145 and Brock v. United States, 223 F2d 681 (see also, Jones v. United States, 362

U. S. 257; Mancusi v. DeForte, 392 U. S. 364; Katz v. United States, 389 U. S. 347, and Hester v. United States, 265 U. S. 57) and, (b) the finding of marijuana in the hole, as a result of the first search and seizure and the subsequent appearance of the defendant three days later, and his approaching the hole and putting something therein established sufficient probable cause to authorize his arrest and the subsequent search and seizure of the substance placed in the hole by him on that occasion. See, Brinegar v. United States, 338 U. S. 160 (69 SC 1302, 93 LE 1879).

2. Enumeration of error 2 presents appellant's constitutional attack on the statute (Ga. L. 1967, pp. 296, 346; Code Ann. Ch. 79A-9) under which defendant was convicted. The questions raised about the attack have been decided adversely to defendant. *Blincoe v. State,* 231 Ga. 886 (204 SE2d 597).

3. Appellant asserts as error that the trial court, during the testimony of one of the witnesses, sustained an objection which was improperly made. The witness was asked a question by appellant's attorney and the prosecutor instructed the witness, "Don't answer that question," to which the judge replied, "Objection sustained." Appellant's counsel then stated, "I haven't heard an objection," whereupon the prosecutor made a proper objection stating the grounds. Although the sustaining of the state's improper objection is error, no substantial right of the appellant was violated due to the fact that immediately subsequent to appellant's counsel's remark, the state made a proper objection which was then sustained by the trial judge. The error, if any, was therefore harmless error. Section 61 of the Civil Practice Act (Ga. L. 1966, pp. 609, 664; Code Ann. § 81A-161).

4. In appellant's fourth enumeration of error he asserts that certain testimony was erroneously admitted with regard to the boundaries and ownership of the land upon which appellant was arrested and the evidence seized. Buddy Wright, an employee of Akers Motors Lines, Inc., identified a plat as the property owned by his employer and testified that the hole from which the evidence was removed was located on that property. On cross examination, the witness admitted that he did not

know the precise location of the boundaries but had consulted with another person who had informed him. The witness stated that he was testifying from knowledge that he had that the property owned by Akers Motor Lines had been graded off and cleared and that the hole was about 80 feet into the area previously closed. Appellant objects to this testimony which he asserts was based upon hearsay. The trial judge instructed the jury to disregard part of the witness' testimony in which he stated that Mr. Preston had informed him that the actual property lines were the power lines at the back of a tract which would place the hole at least 100 feet within Akers' property. This testimony was hearsay and the trial judge's instructions appeared to be adequate in light of the fact that the witness also identified a plat which was introduced and testified that the hole was on their property and he furthermore testified that he had personal knowledge of what land had been graded off by Akers when the terminal was constructed. Therefore, the admission of testimony was proper and the jury was entitled to weigh the probative value, if any.

5. Appellant, in his 5th enumeration of error, submits that the marijuana found in the hole originally was improperly admitted and that it had no probative value and was not shown to be connected in any way to appellant. Among the evidence seized and introduced was the marijuana removed from the hole by the officers upon discovery of the hole, the marijuana left in the hole during the surveillance and also the marijuana deposited in the hole during the surveillance. Appellant was charged in the indictment with possession of more than one ounce of marijuana. The marijuana which the officers testified was deposited in the hole during the surveillance was in excess of one ounce and was of itself sufficient for conviction. Where, as in this case, there was testimony to the effect that the appellant walked into the area and proceeded straight to the hole and deposited what was found to be contraband similar to that already discovered there, the evidence admitted tends to show that appellant's knowledge of and control over the stash and the marijuana therein was more probable than it would have been had the evidence not been introduced and is

therefore admissible as one of the circumstances surrounding the transaction.

6. In enumeration of error 6, appellant claims error in the evidentiary admission of certain of the contraband allegedly seized at the scene of the crime, on the grounds that the state failed to establish a chain of evidence. Appellant states that the showing required to establish the chain of custody of items is set forth in the case of *Pittman v. State,* 110 Ga. App. 625 (139 SE2d 507), which states, "In a criminal prosecution for driving under the influence of alcohol, evidence of the result of a blood alcohol test generally must be accomplished by evidence identifying the blood analyzed with the person from whom it was taken and showing the chain of custody of the blood from the time it was taken to the time it was analyzed, and by expert testimony showing the probative value of the test result on the question of intoxication." It is well settled that where the results of a chemical or other technical analysis of an item are sought to be introduced into evidence, it must be shown with reasonable certainty that there has been no alteration or substitution of the item. And, in such a case the test of reasonable certainty is not met where there is missing a vital link in the chain of possession of the item. See, 29 AmJur2d 844, Evidence, § 774; Robinson v. Commonwealth, 212 Va. 136 (183 SE2d 179). Factors to be considered in making a determination of whether physical objects connected with commission of a crime are substantially in the same condition as when the crime was committed, so that they can be admitted into evidence, or the nature of the article, circumstances surrounding its preservation and custody, and the likelihood of intermeddlers tempering with it. If upon consideration of such factors the trial judge is satisfied that in reasonable probability, the article has not been changed in important respects, he may permit its introduction into evidence. Gallego v. United States, 276 F2d 914 (9th Cir. 1960). In this case, there was no evidence presented by the appellant to show any irregularity or tampering with the evidence which was introduced at the trial. There was testimony on behalf of the state by Lt. Ferguson, the officer who originally took the contraband into custody, that he personally sent the contraband to the

state crime laboratory in care of its director, and upon notification from the crime lab that the tests were concluded, re-took possession of the contraband. There has been no testimony that the contraband has been in the possession of anyone other than Lt. Ferguson from the time it was received from the State Crime Lab until the time of the trial. Where no evidence indicating otherwise is produced, the presumption of regularity supports the official acts of public officers, and the courts presume that they have properly discharged their official duty. Pasadena Research Laboratories v. United States, 169 F2d 375, 381.

7. Appellant asserts in enumeration of error 7 that the trial court erred in failing to charge the jury on appellant's submitted request to charge. It is clear that the failure to give a request to charge may not be harmful error where the general charge as given embraces the same matter or as much thereof as is appropriate. *Blakewood v. State,* 196 Ga. 34 (6) (25 SE2d 643); *Balark v. State,* 81 Ga. App. 649(1b) (59 SE2d 524). The charge given by the trial judge clearly encompassed the appropriate charges requested by appellant.

8. In enumeration of error 8, appellant charges error with relation to a particular charge given by the trial judge to the jury. Appellant quotes from the charge as follows: "The jury will be authorized to convict if they should find beyond a reasonable doubt that defendant had actual or constructive possession either alone or jointly with others." Appellant objects to this charge on the basis that the judge omitted the requirement that such possession must be knowingly carried out by the defendant. In reviewing charges to the jury made by the trial judge, it is necessary to consider the charge as a whole in determining whether the charge was correct. In this case the appellant has fragmented the court's charge and objects to one part in which a necessary element is missing. However, the charge is clearly correct when read in the context in which it was given. The charge, in part, is as follows: "A person who knowingly has direct, physical control over a thing at a given time is in actual possession of it. A person, who not in actual possession, knowingly has both the power and the intention at a given time to

exercise dominion or control over a thing is then in constructive possession of it." Clearly, this portion of the charge adequately compensates for any error in the portion of the charge quoted by the appellant. There is, therefore, no reversible error in the charge objected to by the appellant. *Cooper v. State,* 212 Ga. 367 (2) (92 SE2d 864); *Jones v. State,* 209 Ga. 685 (2) (75 SE2d 429).

9. In enumeration of error 9, appellant submits that the trial judge committed reversible error in allowing the court reporter to read back a specific portion of one of the witness's testimony at the request of the jury foreman. After both sides had concluded their cases the jury retired to consider their verdict. After some time, the foreman stated that the jury wanted to ask a question of the court. The question was, "Did Sgt. Glenn (one of the state's witnesses) state [that] he actually saw the defendant put the bag in the hole?" The judge replied: "I cannot specifically answer that question for you, but I can have the reporter read for you that particular point if you would like to have it. Do you remember whether it was in the direct or cross examination that this came out?" The foreman then replied that he thought it was on direct examination. The court replied that it would allow the reporter to read what Sgt. Glenn had said at that point and "if it is what you had in mind, all right; if not, we'll pursue the matter further." Whereupon the reporter read questions and answers appearing between reference marks appearing on pp. 44, 45 of the transcript. After this was done, the foreman replied: "That's exactly it." At this time, the jury withdrew from the courtroom. Appellant, at that time, objected to the court's allowing their testimony to be read to the jury. Appellant's counsel stated that he remembered that the witness admitted that he did not see anything placed in the stash and requested that the cross examination on that point be read. The trial judge overruled this objection and stated that he had read a great deal of the cross examination prior to the reading of it to the jury and went over several things many times to determine if there was anything in the cross examination which tended to show contrary testimony. Appellant, on appeal, states in fact that Sgt. Glenn had made statements inconsistent with his direct testimony and

that he had not stated that he saw the appellant place anything into the hole. An examination of the transcript reveals that on direct examination Sgt. Glenn had stated that he did see the appellant place something into the hole and upon cross examination there is no testimony in any way to the contrary. The jury specifically requested that a portion of Sgt. Glenn's direct examination be re-read to them and the foreman stated, after it had been read to them, that that was exactly what they wanted. The cases cited by appellant, bearing on the issue of an expression of an opinion by the trial judge are distinguishable from the instant case. The trial judge made no statements to the jury as to what the contents of the cross examination were, but merely examined the cross examination on its own to determine if any portions thereof should be read to the jury in addition to the direct examination even in the absence of a request to do so by the jury. The court may, when requested by the jury, have testimony of a specific witness read to the jury by the stenographer. *Green v. State,* 43 Ga. 368; *Allen v. State,* 187 Ga. 178(6) (200 SE 109); *Green v. State,* 122 Ga. 169(1) (50 SE 53). It is apparent, in this case, that the portion of the transcript read to the jury by the court reporter sufficiently covered the point requested by the jury. There was no intimation by the trial judge of any opinion which he might have in this case. In the case of *Bunce v. Executive Comm. of the Baptist Convention,* 46 Ga. App. 695 (169 SE 51), the court was asked whether there was testimony concerning a certain point. The court replied that he did not recollect any such testimony, but that he would have the reporter examine his notes and advise the jury if any such testimony was found. The court reporter failed to find requested testimony which was, in fact, in the record. It was held by the Court of Appeals that the judge's false answer constituted an opinion by him as to the merits of the case. In this case, there was no direct statement by the trial judge concerning the contents of the testimony, but rather merely a reading from the court reporter of direct testimony which the jury had requested. There appears to be no merit to appellant's contention.

10. In enumeration of error 12, appellant submits that the trial court erred in sentencing appellant to two

years to begin at the end of the sentence that he was presently serving and a fine of $1,500. Appellant argues that under Code Ann. § 27-2510 and *Wade v. State,* 231 Ga. 131 (200 SE2d 271), the trial court erred in sentencing appellant to a consecutive sentence. Ga. L. 1964, p. 494 (Code Ann. § 27-2510(b)) states: "Where a person is convicted on more than one indictment or accusation at separate terms of court, or in different courts, and sentenced to imprisonment, such sentence shall be served concurrently, the one with the other, unless otherwise expressly provided therein."

In this case, appellant had been picked up by the Pardons and Paroles Board after his arrest under the present charges and re-incarcerated under a life sentence which he was serving for rape. The sentencing verdict by the jury in the case at bar imposed a 2-year sentence and a $1,500 fine. The verdict was silent as to whether this sentence was to be served consecutively with the sentence in execution at the time or concurrently with it. Due to this silence, the law of this state is that they be served concurrently. *Gandy v. State,* 232 Ga. 105 (205 SE2d 243); *Mathis v. State,* 231 Ga. 401(4) (202 SE2d 73).

We must, accordingly, remand the case to the trial judge for the sole purpose of resentencing the defendant to the sentence found by the jury, but to be served concurrently with any other sentence then being served. It is further directed that he be given credit for any time so served.

*Judgment of conviction is affirmed and remanded with direction as to sentencing. Quillian and Clark, JJ., concur.*

SUBMITTED JANUARY 9, 1975 — DECIDED MARCH 20, 1975 — REHEARING DENIED APRIL 4, 1975.

*Grogan, Jones & Layfield, John C. Swearingen, Jr.,* for appellant.

*Eldridge W. Fleming, District Attorney,* for appellee.