50756. LINDSEY v. THE STATE.

Deen, Presiding Judge.

1. The evidence in this case shows that shortly before the homicide of the defendant's wife he came to a neighbor's home, shotgun in hand, and asked whether she had heard a shot; shortly thereafter there was a gun blast. Another neighbor testified that the defendant had come to his house, complained that his wife had thrown him out along with the gun, and added, "I guess I'll have to go and kill her." A third witness testified that the defendant had made the same statement a few days previously. The wife was found dead with what appeared to be a shotgun wound in her neck. This and other evidence, while it would also have supported a verdict of guilty of murder, the crime charged, also supports a finding of manslaughter. The general grounds of the motion are without merit.

2. Appellant contends that he was unfairly led into stating on cross examination that he loved his wife and would do nothing to hurt her, which testimony was used as a basis for introducing in evidence a prior plea of guilty of assault with intent to murder the same wife. Prior attempts to commit the same crime on the same victim are generally admissible. *Wright v. State,* 184 Ga. 62 (8) (190 SE 663); *Cawthon v. State,* 119 Ga. 395, 409 (46 SE 897). The defendant voluntarily took the stand and exposed himself to a thorough and sifting cross examination. "Wherever the purpose is to impeach or discredit the witness, great latitude should be allowed." *Mitchell v. State,* 71 Ga. 128 (6). Malice was one of the ingredients of the offense charged; the state had the right to inquire of him whether he held malice against his wife, and, if he chose to lie, to offer relevant evidence to contradict him. A plea of guilty to attempted murder is high evidence of such

malice. It was not error to admit the record of the prior conviction.

3. "Where the jury are unable to recall the evidence, counsel for each side may state their recollection of the evidence, and the judge may instruct the jury to decide what was the evidence as best they can from their recollection as refreshed by the statement of counsel." *Strickland v. State,* 115 Ga. 222, 227 (41 SE 713). See also *Saint v. State,* 203 Ga. 430, 431 (47 SE2d 65); *Green v. State,* 122 Ga. 169 (1) (50 SE 53). Where the jury returned after consideration of the case with a request of clarification of the time element of certain events, the court offered either to have the court stenographer read back this evidence or to allow the attorneys to give their recollection of it. The attorneys chose the latter method, and both agreed as to the testimony given by the witnesses. The procedure was proper, and had the assent of counsel for both parties. No error appears.

4. The fifth enumeration of error complains that the trial court erred in charging the jury as to the bifurcated trial procedure. At the time of this trial in September, 1974, by Ga. L. 1974, pp. 352, 357, a new Code Ann. § 27-2503 had been adopted which states in part: "Except in cases in which the death penalty may be imposed, upon the return of a verdict of 'guilty' by the jury in any felony case, the judge shall dismiss the jury and shall conduct a presentence hearing at which the only issue shall be the determination of punishment to be imposed." Although the indictment charged the defendant with murder, a manslaughter verdict was returned, on which the maximum sentence of 20 years was imposed by the jury. Cf. Code Ann. § 26-1102. The court erred in leaving the sentence-making feature of the case to a jury where, after a verdict of manslaughter which in effect finds the defendant innocent of murder it cannot be said that this is a case where the death penalty may be imposed. Nor, in view of the maximum sentence, can it be said that the error was palpably harmless.

The judgment on the jury verdict is affirmed, but the case is remanded for resentencing by the judge without a jury.

*Judgment affirmed in part and reversed in part.*

*Evans and Stolz, JJ., concur.*

ARGUED MAY 21, 1975 — DECIDED JUNE 13, 1975.

*K. Reid Berglund,* for appellant.

*Lewis R. Slaton, District Attorney, R. David Petersen, Isaac Jenrette, Joseph J. Drolet, Assistant District Attorneys,* for appellee.