## 30589. PERSON v. THE STATE.

UNDERCOFLER, Presiding Justice.

Freeman Larry Person and Clifford Dill, Jr., were indicted for armed robbery. This appeal is from the conviction of Person who was tried separately. He was convicted and sentenced to serve 20 years in the penitentiary.

The evidence shows that on March 21, 1975, the C & S Bank in Fulton County was robbed of $4,300 by an armed man. The man was black, wore a blue jacket, tennis shoes, a hat, a stocking over his face, and he carried a Rich's shopping bag. About four minutes after the robbery the police arrived at the bank. A witness who worked about a half a block from the bank told the officers that he had seen a black male run from the bank and run into a door that was opened for him at the Dill Printing Company nearby. The officers knocked on the Dill Printing Company door about 15 minutes before it was opened by Clifford Dill. The officers found the appellant hidden in the dropped ceiling of the building and found a "blue jean" outfit, tennis shoes, some Rich's shopping bags, a pistol, stockings, gloves and 15 new five-dollar bills which were sequentially numbered. These bills were identified as having been delivered by the Federal Reserve Bank to that C & S Bank on March 19, 1975. The

officers found $58 on the appellant. None of the other money taken in the robbery has been found. The appellant and Dill were arrested.

The appellant was advised of his constitutional rights at the time of his arrest. He told the police officers that he had hidden because he thought the police were after him for escaping from Grady Hospital. The appellant was taken to police headquarters, again advised of his constitutional rights, and in the presence of his mother gave the officers a written statement about his participation in the robbery.

1. The general grounds of the motion for new trial are without merit.

2. The appellant contends that his written statement to the police officers was not made freely and voluntarily. At a hearing outside of the presence of the jury the following evidence was presented: The appellant was fully advised of his constitutional rights before the statement was made. The mother of the appellant testified that Detective Miller told her before the appellant entered the room that if he would confess it would go "lighter" on him in court. When the appellant was brought into the room his mother said to him, "Freeman, you know you know this boy; no use going to jail by yourself." The appellant then said: "Get a typewriter," and he gave his statement. The record shows that the purported statement of the detective was never communicated to the appellant by his mother. The detective testified that he did not offer leniency to the appellant.

The appellant further contends that Detective Miller told the appellant that "he wanted a statement implicating Clifford Dill," and that this conveyed the impression to the appellant that "it would go lighter on him" if he made such a statement. Detective Miller testified that he asked the appellant to make a statement "if Dill was involved."

The factual determination of the trial court that the statement was freely and voluntarily made without any offer of leniency must be accepted by this court unless those findings are shown to be clearly erroneous. *High v. State,* 233 Ga. 153, 154 (210 SE2d 673) (1974); *Lawrence v.*

*State,* 235 Ga. 216 (219 SE2d 101) (1975). There is no merit in these contentions of the appellant.

3. The appellant contends that the trial court erred in allowing the court reporter to read the appellant's statement to the jury on their request after they had begun their deliberations and after proper objection had been made.

"A trial judge may, in his discretion, on request from the jury, recall a witness and allow him to restate what he swore when he was previously on the stand, or he may require the official court stenographer to read the testimony of a witness. *Strickland v. State,* 115 Ga. 222 (2) (41 SE 713); *Green v. State,* 122 Ga. 169 (50 SE 53); *Compton v. State,* 179 Ga. 560 (6) (176 SE 764)." *Swint v. State,* 203 Ga. 430 (6) (47 SE2d 65) (1948).

There is no merit in this contention.

4. The appellant moved for a mistrial notwithstanding the verdict because the verdict rendered was not the unanimous conclusion of the jury. The record shows that when polled one of the jurors replied that the verdict was not hers. The court sent the jury to deliberate further. When the jury returned a second time this same juror was polled as follows: "Q. Is this your verdict? A. Yes, sir. Q. Was it your verdict in the jury room? A. Partially. Q. Is it now your verdict? A. Yes. It is."

There is no merit in this contention. The juror stated that it was her verdict. *Hill v. State,* 64 Ga. 453 (1c) (1880); *Parker v. State,* 81 Ga. 332 (5) (6 SE 600) (1888); *Macon R. &c. Co. v. Barnes,* 121 Ga. 443 (5) (49 SE 282) (1904).

*Judgment affirmed. All the Justices concur.*

Submitted December 9, 1975 — Decided January 6, 1976.

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.