31392. BYRD v. THE STATE.

HALL, Justice.

In 1975 in Chatham County, Byrd was convicted of rape and sentenced to 15 years imprisonment. This is his

appeal.

1. Byrd's main contention is that the trial court erred with respect to the replaying to the jury of certain taped testimony after they had retired to deliberate. The jury asked to hear again a certain part of the prosecutrix' identification evidence.

The transcript reveals the transaction as follows: "Note: (the jury returned to the courtroom.) *The Court:* I understand you want to hear some of. . .[prosecutrix's] testimony, is that right? *Juror:* Yes, sir. *The Court:* She was on the stand for a little more than an hour, so if you will give me what part of that testimony you would like to hear, we will see if we can locate it here on the tape. What particular part? Was it cross examination, or direct examination, or do you want to hear it all? *Juror:* No, we wanted to hear that part where she testified as to identifying the defendant. Where she first — gave us information that she identified the — *The Court:* Well, as I recall that was towards the first part of her testimony. All right, so we can start her testimony at the very beginning. *Note:* (Testimony of [prosecutrix] . . . played for the jury at their request.) *Note:* (The jury returned to the jury room.)"

Following the jury's departure, defense counsel moved the court to require that the prosecutrix' cross examination also be replayed to the jury or alternatively that they be instructed to disregard what they had just reheard. The motion was denied, and error is enumerated on both of the court's actions in allowing replay of the direct examination and not of the cross examination.

It has been recognized for more than 100 years that it is permissible for the trial judge, in his discretion, to permit the jury at their instigation to rehear requested parts of the evidence after they have retired and begun deliberations. *Allen v. State,* 187 Ga. 178, 183 (200 SE 109) (1938); *Green v. State,* 122 Ga. 169 (50 SE 53) (1905); *Green v. State,* 43 Ga. 368, 373 (1871). " 'A trial judge may, in his discretion, on request from the jury, recall a witness and allow him to restate what he swore when he was previously on the stand, or he may require the official court stenographer to read the testimony of a witness. [Cits.]' " *Person v. State,* 235 Ga. 814, 816 (221 SE2d 587)

(1976). The court may also, in its discretion, refuse such a request. *Compton v. State,* 179 Ga. 560 (176 SE 764) (1934); *Hill v. State,* 114 Ga. App. 527 (151 SE2d 818) (1966).

Thus, plainly the trial court did not err in allowing the jury to hear a playback of the requested portion of her testimony.

The further question raised by appellant is whether defense counsel's request for a replay of the witness' cross examination should have been granted although the jury specifically indicated no desire to hear cross examination. On the facts here, we answer this question no.

Our previous decisions have indicated, and we now make plain, that the jury should be permitted to limit what they rehear to what they desire to rehear, absent special circumstances which might work an injustice. Our own review of the witness' cross examination is that she remained steadfast in her identification of Byrd. No special circumstances appear here requiring the cross examination to be replayed. See *Epps v. State,* 134 Ga. App. 429, 435 (214 SE2d 703) (1975).

What we have written accords with the American Bar Standards, Trial by Jury § 5.2 (1968): "5.2. Jury request to review evidence. (a) If the jury, after retiring for deliberation, requests a review of certain testimony or other evidence, they shall be conducted to the courtroom. Whenever the jury's request is reasonable, the court, after notice to the prosecutor and counsel for the defense, shall have the requested parts of the testimony read to the jury and shall permit the jury to reexamine the requested materials admitted into evidence. (b) The court need not submit evidence to the jury for review beyond that specifically requested by the jury, but in its discretion the court may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested."

The trial court did not err in denying the motion to replay the cross examination of this witness.

2. The enumeration of error urging the general grounds is without merit. The testimony of the victim concerning the rape was adequately corroborated (see *Welch v. State,* 237 Ga. 665 (1976)) and her identification

of Byrd as one of the two rapists was adequate to sustain his conviction.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 13, 1976 — DECIDED OCTOBER 20, 1976.

*Hendrix, Shea & Oldfield, John H. Oldfield, Jr.,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Joseph D. Newman, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn,* for appellee.