## 31028. DILL v. THE STATE.

HALL, Justice.

The sole enumeration of error raised by the defendant in this case is that the circumstantial evidence did not meet the requirements of Code Ann. § 38-109 that "the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save the guilt of the accused." We, however, affirm.

The facts of this armed robbery are basically set out in the appeal of Dill's co-defendant, Freeman Larry Person, who was separately tried and convicted. *Person v. State,* 235 Ga. 814 (221 SE2d 587) (1976). The same evidence was presented at Dill's trial. In addition, other facts were developed which clearly link Dill as an accomplice of Person, who actually committed the robbery. The clothes and other items used by Person in the robbery were found in several places around Dill's shop; the gun and hat used belonged to Dill; Dill was the only other person in the building; Dill and Person had known each other for years, and Dill had given Person a ride to the shop that morning. Furthermore, Dill's story at trial conflicted sharply with his words and actions immediately after the crime. The evidence supports the verdict under Code Ann. § 38-109. There is no evidence to support the two alternative theories urged by the defense.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 16, 1976 — DECIDED MAY 5, 1976.

*Howard, Howard & Royal, Pierre Howard, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Donald J. Stein, Assistant District Attorney, Isaac Jenrette, Arthur K. Bolton, Attorney General, James Mackay, Staff Assistant Attorney General,* for appellee.